[Decided at PENDLETON July 31, 1897.]

## GOLDSMITH v. BAKER CITY.

(49 Pac. 973.)

CHARACTER OF CITY WARRANTS.—Ordinary city warrants are only *prima facie* evidence of municipal indebtedness, and do not constitute a final adjudication against the city of the claims which they represent.

ACTION AGAINST CITY—WARRANT—MANDAMUS.—The holder of an unpaid city warrant is not restricted to his remedy by mandamus, but may maintain an action at law and reduce his claim to judgment, although, under section 352, Hill's Ann. Laws, no execution can be issued thereon.

From Baker: ROBERT EAKIN, Judge.

This is an action by Barney Goldsmith against Baker City to recover the sum of $2,403.26 alleged to be due upon certain city warrants issued to various persons and assigned to plaintiff. The complaint contains fifty-three separate causes of action, and, the averments of each being substantially the same, except as to the date, name, and amount, it will be sufficient for the purpose of the question involved to set out the allegations of the first cause of action, which are as follows: "The defendant is and at all times herein mentioned was a municipal corporation, incor-

porated, organized and existing under and pursuant to the laws of the State of Oregon; that on October 1, 1890, defendant executed and delivered to one Lene Small its certain warrant in words and figures following, to wit:—

'Class B.  BAKER CITY, October 1st, 1890. No. 75
To the Treasurer of Baker City, Oregon:  $1.25

Pay to Lene Small, or bearer, one and 25-100 dollars, for 5 drills to Sept. 20. Fire; and charge to the general fund. By order of the common council.

S. B. McCORD,   WM. H. PACKWOOD, SR.,
 Mayor.     Auditor and Clerk.'

That on February 2, 1891, said warrant was duly presented to the treasurer of defendant, and payment thereof then demanded; that payment was then refused and said refusal was indorsed in words and figures following, to wit: 'Presented Feb. 2nd, 1891. No funds; this warrant draws interest from this date at 8 per cent. per annum. Page 82. Vol.—. B. F. Murphy, City Treasurer'; that prior to the bringing of this action said Small sold said warrant, and for a valuable consideration assigned all his interest therein to plaintiff; that no part of said warrant, principal or interest, has been paid." The court below sustained a demurrer to the complaint on the ground that an action at law cannot be maintained on the warrants in suit, but that the remedy is by mandamus, and plaintiff appeals.

           REVERSED.

For appellant there was a brief over the names of *Walter S. Perry* and *Milton W. Smith*, with an oral argument by *Mr. Perry*.

For respondent there was a brief over the name of *King & Saxton*, with an oral argument by *Mr. Will R. King*.

MR. JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

By section 352 of Hill's Ann. Laws it is provided, in effect, that no execution shall issue on a judgment recovered against a public corporation of the state, but that upon the presentation of a certified transcript of the docket, and memorandum of the satisfaction thereof, the proper officer of the corporation shall draw an order on its treasurer for the amount of the judgment in favor of the person for whom the same was given, and which order shall thereafter be presented for payment and paid with like effect and in like manner as other orders upon the treasury of the corporation. In view of this provision of the statute, the defendant contends that the only remedy on a city warrant is by mandamus, because all the plaintiff could obtain on a judgment in his favor in an action at law would be another warrant issued in the manner provided by the statute, and he would therefore be in no better position than before. But, although no execution can issue on a judgment recovered against a municipal corporation, it does not follow that the holder of a city warrant like those in suit should be denied the right to sue the municipality thereon, and

reduce his claim to a judgment. These warrants are but evidence of indebtedness, and constitute no final adjudication, as against the city, of the claims which they represent. They afford *prima facie* evidence that the city is legally indebted to the holder thereof, but do not conclude it on that point. They are, in legal effect, nothing more than nonnegotiable promissory notes of the city, open to all defenses in the hands of *bona fide* holders available as between the original parties: *Clark* v. *City of Des Moines*, 19 Iowa, 199 (87 Am. Dec. 423); *Wall* v. *Monroe County*, 103 U. S. 77. As said by Mr. Justice FIELD in the case last referred to: "There has been a great number of decisions in the courts of the several states upon instruments of this kind, and there is little diversity of opinion respecting their character. All the courts agree that the instruments are mere *prima facie*, and not conclusive, evidence of the validity of the allowed claims against the county by which they were issued. The county is not estopped from questioning the validity of the claims, and when this is conceded the instruments conclude nothing as to other demands between the parties." And to the same effect are 1 Dillon on Municipal Corporations, § 487; 1 Daniel on Negotiable Instruments, § 427; 1 Randolph on Commercial Paper, § 337. This being so, it would be competent for the defendant to urge their invalidity as a ground for refusing to pay the warrants in question; and, as an action at law is the simplest and most efficient way of determining that question, no good reason can be suggested why the plaintiff may not resort to it, and reduce his demands to judgment, if he is able to do so,

and thus conclude defendant's liability thereon.   The
question as to what benefit he may derive from a judg-
ment in his favor, or how he will proceed to enforce
its payment, can cut no figure at this time.   The right
of action in the plaintiff, and the liability of defendant
to suit, exist; and the courts cannot shut their doors
against the plaintiff because he may have to resort to
a proceeding by mandamus, in lieu of an execution, to
enforce the payment of any judgment which he may
recover.

As said by Mr. Justice COLE in disposing of a sim-
ilar objection in *Terry* v. *City of Milwaukee*, 15 Wis.
545: "It may be said that a party obtaining judgment
against the city on one of these school orders will be
in no better condition than before, but will have to
resort to a mandamus to compel the city authorities
to levy and collect a tax to discharge it.   This may all
be true, but it still affords no satisfactory reason why
he should be deprived of his action upon the orders.
The remedy may not advance him much towards real-
izing his money, but the courts cannot shut their
doors against him on that ground.   If they are just
and legitimate claims against the city, he is entitled
to his remedy, although that remedy may not be very
effectual for the purpose for which it is invoked."
And in *City of Connersville* v. *Connersville Hydraulic
Company*, 86 Ind. 184, where the question was squarely
presented as to whether a city should be sued upon a
warrant drawn upon the treasurer by the proper offi-
cers, or whether the holder of the warrant must pro-
ceed by mandate, the court, speaking through Mr.
Justice ELLIOTT, says: "There can be no doubt as to

the right of the holder of a corporation order or warrant to maintain an ordinary civil action upon it, nor can there be any doubt that he is not bound to resort to the extraordinary remedy of mandate. It is well settled that ordinary actions may be maintained against municipal corporations upon their contracts as well as for their torts. Demands against a municipal corporation may be reduced to judgment in like manner as similar demands against natural persons, and, where any ordinary civil action will attain this end, it is never necessary to resort to the extraordinary remedy of mandate. It is true that the public property cannot be seized upon execution, but this does not affect the right to sue and obtain judgment. It is one thing to obtain a judgment, and another thing to enforce its collection." This same rule is recognized, either directly or indirectly, in the following cases: *Travelers' Insurance Company* v. *City of Denver*, 11. Colo. 434 (18 Pac. 556); *Clark* v. *City of Des Moines*, 19 Iowa 199 (87 Am. Dec. 423); *International Bank* v. *Franklin County*, 65 Mo. 105 (27 Am. Rep. 267); *Mills County National Bank* v. *Mills County*, 67 Iowa, 697 (25 N. W. 884); *Knapp* v. *Mayor of Hoboken*, 38 N. J. Law, 371; *Simmons* v. *Davis*, 18 R. I. 46 (25 Atl. 691). The doctrine prevails generally in this country that a judgment against a public corporation cannot be enforced by an ordinary execution, but, notwithstanding this fact, the conflict in the adjudged cases is not whether the holder of a city warrant may maintain an action thereon, but whether he must not do so, and reduce his claim to a judgment, before he is entitled to the extraordinary remedy of mandamus.

In the courts of the United States a judgment at law is necessary to support such writ (*Davenport* v. *Dodge County*, 105 U. S. 237), and the same rule prevails in many of the states, while in others resort may be had to mandamus in the first instance.   But, so far as we have been able to ascertain, the case of *Cloud* v. *Town of Sumas*, 9 Wash. 399 (37 Pac. 305), stands alone in holding that the remedy on an ordinary city warrant is exclusively by mandamus, and that no action thereon can be maintained.   And we are not sufficiently impressed with the soundness of the reasoning of the court in that case to follow it in opposition to the great weight of authority.   The case of *State* v. *Dodge County*, 10 Neb. 20 (4 N. W. 370), would seem, at first glance, to announce the same doctrine as *Cloud* v. *Town of Sumas;* but this decision was predicated on the provisions of the statute authorizing the creation of the liability in suit, and therefore cannot be well regarded as in point in this discussion.   It follows from these views that the court below was in error in sustaining the demurrer to the complaint, and the judgment must be reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.