[Decided September 28, 1897.]

## FRANKL v. BAILEY.

(50 Pac. 186.)

1. COUNTY COURTS — POWER TO RECALL WARRANTS.—Warrants issued by a county court, acting as fiscal agent of the county, in compromise of claims against the county for services rendered, are not judicial decisions upon the validity of the claims: *Crossen* v. *Wasco County*, 10 Or. 111, followed; hence the county treasurer is bound by a subsequent order issued by such court prohibiting their payment.

2. CHARACTER OF COUNTY WARRANTS.—A warrant issued by a county court, while acting as fiscal agent for the county, is only *prima facie* evidence that the municipality is indebted to the holder thereof; it is not conclusive, but is everywhere open to all defenses available as between the original parties: *Goldsmith* v. *Baker City*, 31 Or. 249, approved.

3. RIGHT OF COUNTY TO RECOVER ILLEGAL FEES.—Where accounts or claims against a county have been allowed without authority of law, the county court may properly direct the treasurer not to pay them; and if they have been paid, the county may recover the amount: *Union County* v *Hyde*, 26 Or. 24, approved.

From Lake: W. C. HALE, Judge.

Mandamus by Adolph Frankl against Harry Bailey, county treasurer, to compel the payment of warrants. From judgment for defendant, plaintiff appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Messrs. C. A. Coggswell, W. A. Wilshire,* and *E. D. Sperry.*

For respondent there was a brief and an oral argument by *Messrs. L. F. Conn* and *Austin S. Hammond.*

MR. JUSTICE WOLVERTON delivered the opinion of the court.

This is a proceeding by mandamus against the treasurer of Lake County, Oregon, to compel him to pay three certain county warrants issued by the clerk upon the order of the county court. The alternative writ contains a separate count upon each warrant, identical in form, but involving claims for different amounts, the first of which is, in substance, as follows: That on July 7, 1896, the defendant was, ever since has been, and now is, the treasurer of Lake County; that on June 27, 1890, W. T. Boyd presented to the county court for said county, then sitting as a board of commissioners for the transaction of county business, a claim for services rendered the county, amounting to $1,150, and that there arose between said court and Boyd a dispute and controversy touching the amount justly due thereon; that, in order to settle the contention, and to prevent litigation, a compromise was effected, whereby it was agreed that the county court should audit and allow, and the said Boyd should accept and receive, $800 in full settlement and satisfaction of the claim; that the said county court thereupon approved it, and ordered and directed that a warrant be drawn upon the county treasurer in

favor of Boyd for the latter amount, which was done accordingly, and on June 30, 1890, the treasurer duly indorsed the same not paid for want of funds; "that on March 4, 1891, at a different and subsequent team of the said court than the one in which the said warrant was ordered to be issued, and after the same was issued and delivered to the said W. T. Boyd, the County Court of Lake County, Oregon, without any notice to the said W. T. Boyd, or his assignee of said warrant, made and entered an order upon the records of the court, and served a copy thereof upon the treasurer of said county, directing the said treasurer to decline and refuse payment of said warrant." The remaining allegations are touching plaintiff's ownership of the warrant, its due presentation to the treasurer for payment, of funds in his hands applicable thereto, and of his refusal to pay the same, and are not pertinent to the present inquiry. A demurrer was interposed, which was sustained by the court below, and a judgment entered against the plaintiff, dismissing the writ, and for the costs of the proceeding, from which judgment the plaintiff appeals.

1. The defendant insists that the plaintiff, by his allegation touching the order of the county court directing the defendant to refuse payment of the warrant, has shown that he is not entitled to the relief demanded, and that the order itself affords a legitimate excuse for his refusal to apply the funds of the county in payment of such warrant; and this constitutes the chief question presented at the hearing. It has been judicially determined in this state that a county court, when exercising the authority and pow-

ers pertaining to county commissioners in the transaction of county business, within the purview of section 902, Hill's Ann. Laws, is a court of inferior or limited jurisdiction, and that decisions given or rendered by it pertaining to such business are judicial in their nature and character, and can be reviewed only as in said section provided; but that, when acting as the fiscal agent of the county in the general care and management of the county property, funds, and business, under subdivision 9 of section 896, it does not act in the capacity of a court, in the proper sense, but precisely as would the agent of a private corporation in the management of its fiscal concerns: *Crossen* v. *Wasco County*, 10 Or. 111. From the allegations of the alternative writ it may be fairly inferred that the court, in effecting the alleged compromise, was acting in the capacity of fiscal agent of the county, and not in the transaction of county business, within the purview of section 902, and this is the view evidently taken by counsel for appellant. They say in their brief that, "in making the compromise, the county court acted as the fiscal agent of the county, and had the same authority to do so as would the agent of a private corporation." There is a direct averment, however, that the court was "then sitting and acting as a board of commissioners for the transaction of county business"; but this must be construed in connection with the nature of the business actually considered, which involved a contention respecting back fees and ex-clerk's fees. We presume that the claim in question was made for fees against the county under some statute which it was

contended gave them to the claimant for services rendered; at least, this is the most natural inference deducible from all the averments of the writ. Such being the case, the order of the county commissioners settling the claim was not judicial in its nature, under the authority of *Crossen* v. *Wasco County*, 10 Or. 111, but such a settlement of a controverted claim as an agent might make in the name of his principal. In further consummation of the alleged settlement, the court directed the county clerk to draw a warrant upon the treasurer for the amount found due in favor of the claimant, which direction was complied with by the clerk, and the warrant was delivered to the claimant. At a subsequent session of the board, and without notice to the claimant or the holder of the warrant, it made and entered an order directing the treasurer not to pay such warrant. Now, if the order thus made and entered justifies the treasurer's refusal to pay the warrant, then the writ does not state a cause upon which to base the proceeding by mandamus, and the demurrer ought to be sustained. True, it may be that the petition is sufficient without the allegation as to the order, which might have been properly treated as matter of defense; but, if the plaintiff chooses to present not only his own case, but to anticipate the defense, and set it up in his complaint, for the purposes of the demurrer the showing must be taken as true, and the cause of action would be affected in like manner as though an answer setting up the matter had been filed and taken as confessed. The question stands thus: If it be admitted

that all the facts stated are true, has the plaintiff a cause of action against the defendant?

The county court is charged, under the statute, with "the general care and management of county property, funds, and business where the law does not otherwise expressly provide": Hill's Ann. Laws, subdivision 9, § 896. By section 2460, *Id.*, it is provided that "the county treasurer shall receive all moneys due and accruing to his county, and disburse the same on the proper orders issued and attested by the county clerk." The warrant in question was directed to be issued by the county court, and the legitimate basis for such warrant was the order of the court settling and allowing plaintiff's demand against the county. As we have seen, the alternative writ shows that the court was acting merely as the fiscal agent of the county in making the settlement and entering the said order. Such being the case, the order cannot be said to rise to the dignity of an adjudication as between the claimant and the county. While the orders of the court acting in such a capacity may have the force and effect of accounts stated as against the county, and absolutely— perhaps irrevocably— fix its liability, when acting within its jurisdiction and prescribed powers, and not vitiated by fraud or mistake (*Cook County* v. *Ryan*, 51 Ill. App. 190; *Hall* v. *Inhabitants of Holden*, 116 Mass. 172), yet, they not having the binding effects of judgments (*Nelson* v. *Mayor, etc.* 131 N. Y. 4, 29 N. E. 814), the court could, if it saw fit, as an individual might, refuse to observe the obligations thereby imposed; in which case the only

remedy left would be an action against the county to require their due observance.

2.   It has been held in a late case that warrants such as here exhibited are but evidence of indebtedness, and constitute no final adjudication, as against the municipality, of the claims which they represent. They afford *prima facie* evidence that the municipality is legally indebted to the holder thereof, but do not conclude it on that point, and that, in effect, they are nothing more than nonnegotiable promissory notes, open to all defenses in the hands of the holders available as between the original parties, but that they may be made the basis of an action against the county.   See *Goldsmith* v. *Baker City*, 31 Or. 249 (49 Pac. 973).   Now the county court, having charge of the county funds, has directed the county treasurer not to pay this alleged obligation of the county, which is an indirect way of disavowing the county's liability; and, as the warrant is not based upon an order having the binding effect of a judgment against the county, we can see no reason why the treasurer is not precluded by the prohibitory order from using the county funds in discharge of the warrant.   It is the duty of the treasurer to disburse the funds upon "the proper orders, issued and attested by the county clerk," but here is a warrant which the court has determined — and we must presume for some legitimate reason — should not be paid, and therefore not proper to be honored by the treasurer.

3.   The reason for this action has not been disclosed, but, for aught we know, the county may have some legitimate defense, and, if so, it ought not to be

put to its action to recover back the amount of the claim, which it might do if settled and allowed without authority of law: *Union County* v. *Hyde*, 26 Or. 24 (37 Pac. 76).

AFFIRMED.