Argued January 13; decided February 14, 1898.
### KLAMATH COUNTY *v.* LEAVITT.
[52 Pac. 20.]

PLEADING—ACTION BY COUNTY.— An action will not lie by a county to recover the face value of county warrants issued to the defendant without authority of law, where defendant has not collected the money thereon, as the warrants under the circumstances are void and valueless in the hands of the holder, whoever he may be, and the county has a complete defense thereto.

From Klamath: HIERO K. HANNA, Judge.

Action by Klamath County to recover from A. L. Leavitt the face value of certain warrants issued to him and which were unpaid. There was a judgment for defendant on demurrer, and plaintiff appeals.

**AFFIRMED.**

For appellant there was a brief over the name of *Henry L. Benson*, with an oral argument by *Mr. John A. Jeffrey*, district attorney.

For respondent there was a brief over the names of *Lionel R. Webster* and *Hammond & Vawter*, with an oral agreement by *Mr. A. S. Hammond*.

MR. JUSTICE BEAN delivered the opinion.

This is an action for the recovery of $1,169.94, the aggregate face value of certain county warrants issued by the plaintiff to defendant for alleged fees as county

clerk, at divers times from and including the sixth day of July, 1889, to and including the tenth day of January, 1891. The complaint, after alleging the corporate capacity of the plaintiff, and that defendant was, at all the times mentioned, the duly elected, qualified and acting clerk thereof, avers: "That plaintiff is informed and believes, and upon such information and belief alleges, that on the sixth day of July, 1889, defendant had and received from said county, without any consideration whatever, in warrants drawn upon the treasury of said county, the sum of $37.32." Then follow similar allegations, except in dates and amounts, as to the other warrants. "That said sums were taken and received by said defendant from said county upon the pretended right that he was to have and receive from said county, for his services as clerk of said county, an additional compensation of 33⅓ per centum over and above the fees allowed by law for said services, when, in truth and in fact, defendant was not entitled to such additional compensation or any part thereof; that no part of said sum of $1,169.94 has been paid by defendant to plaintiff, and the whole thereof is now due and payable; that defendant has refused, and still refuses, to pay the same, or any part thereof, although requested so to do before the commencement of this action. Wherefore, plaintiff prays judgment against said defendant for the sum of $1,169.94, and for its costs and disbursements in this action." A demurrer to the complaint, because it did not state facts sufficient to constitute a cause of action, was sustained, and, plaintiff declining to amend or plead

further, judgment was rendered in favor of defendant, and plaintiff appeals.

Clearly, the judgment should be affirmed. The complaint does not aver, not is it claimed, that the warrants in question have ever been paid by the county, or that the defendant or anyone else has ever received a dollar of the county's money thereon. The averment is, in effect, that defendant received county warrants, issued without authority of law, for certain sums of money, and it is sought by this action to recover from him, not the warrants themselves, but their face value in money. If the allegations of the complaint are true, the warrants are void and valueless in the hands of the holder, whoever he may be, and the county has a complete defense thereto: *Goldsmith* v. *Baker City*, 31 Or. 249 (49 Pac. 973). The county, therefore, is under no obligation to pay them, and certainly cannot recover against the defendant a money judgment for their face value without having done so.

The appellant relies, in support of the action, upon *Grant County* v. *Sels*, 5 Or. 243, but that case is not in point. It is true the complaint in suit seems to have been copied from the statement in the opinion of Mr. Justice BURNETT as to the allegations of the complaint then before the court. But there is no attempt in the opinion to set out the complaint *in haec verba*, and the whole theory of the case proceeded upon the hypothesis that Sels had actually received from the county the money which it was attempting to recover from him. Just what the allegations of the complaint were we do not know, nor is it at all material. The

action was treated as one for money had and received, and there was no question made as to the sufficiency of the complaint, if the county was entitled to recover from Sels the amount received by him for salary in excess of that allowed by law. The only questions determined in the case were (1) that money claimed by and paid to a county officer under a claim of right for his services as-such, if he is not entitled thereto, is an illegal payment, and may be recovered back by the county; (2) that the act of October 26, 1870, fixing the salary of the county judge of Grant County was constitutional; (3) that it repealed by implication the provisions of a former act on the same subject, and the opinion must be interpreted in the light of this fact.

<div align="right">AFFIRMED.</div>

<div align="center">Decided February 21, 1898.