FALLS CITY CONST. CO. v. MONROE COUNTY.

(District Court, E. D. Arkansas, W. D.   October 27, 1913.)

1. ABATEMENT AND REVIVAL (§ 12*) — OTHER ACTION PENDING — DIFFERENT JURISDICTIONS—STATE AND FEDERAL COURTS.

The pendency of an action in a state court is no bar to proceedings concerning the same matter in a federal court having jurisdiction; since, where both the state and federal courts have concurrent jurisdiction, the federal jurisdiction may be invoked and the cause carried to judgment, notwithstanding the state court may have taken jurisdiction of the same controversy.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 87–91, 94, 95, 98; Dec. Dig. § 12.*]

2. ABATEMENT AND REVIVAL (§ 5*)—NATURE OF PROCEEDING—COUNTY COURT.

Const. Ark. adopted Oct. 30, 1874, art. 7, § 28, vested in the county courts jurisdiction of the fiscal affairs of their counties, and Kirby's Dig. § 1175, provides that whenever the county court may deem it expedient to call in outstanding warrants of the county to redeem, cancel, reissue, or classify the same, the court shall make an order to that effect fixing the time for the presentation of such warrants which shall be at least three months from the date of the order. *Held*, that proceedings in the county court under such section to call in county warrants were not judicial in character, so that the pendency thereof was not a bar to an action against the county to enforce the outstanding warrants.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 27–30, 99–104; Dec. Dig. § 5.*]

At Law.   Action by the Falls City Construction Company against Monroe County.   On demurrer to plea.   Sustained.

The plaintiff seeks to recover a judgment on county warrants issued to it by the defendant county in payment for the construction of a courthouse. One of the defenses set up is the plea that there is another action pending in the county court of Monroe county, Ark., upon the same warrants.   The plea is that "on the 7th day of July, 1913, the county court of Monroe county made an order that all warrants outstanding against said county of Monroe, issued prior to May 15, 1913, be called in, and all persons holding, owning, or controlling any warrants issued prior to May 15, 1913, were ordered to present the same to the county court on the 9th day of October, 1913, that the court may examine, redeem, cancel, reissue, or classify the same or allow same in such sums as may be legally due from Monroe county; that this suit was instituted after said order had been made and published, to wit, on September 8, 1913"; and that for this reason this action cannot be maintained.

The calling of the warrants for presentation to the county court was made under the provisions of section 1175 of Kirby's Digest of the Statutes of Arkansas, which is as follows: "Sec. 1175. Whenever the county court of any county may deem it expedient to call in the outstanding warrants of said county, in order to redeem, cancel, reissue or classify the same, or for any lawful purpose whatever, it shall be the duty of said court to make an order for that purpose, fixing the time for the presentation of said warrants, which shall be at least three months from the date of such order."

To this plea a demurrer was filed by the plaintiff upon two grounds: First, that the pendency of an action in a state court is not a good plea in abate-

ment or in bar to an action involving the same issues in a court of the United States; and, second, that the proceeding in the county court is not a judicial proceeding nor an action at law or equity.

G. W. Smith and George F. Youmans, both of Ft. Smith, Ark., and A. B. Shafer, of Memphis, Tenn., for plaintiff.

C. F. Greenlee, of Brinkley, Ark., Thomas & Lee, of Clarendon, Ark., and Manning, Emerson & Morris, of Little Rock, Ark., for defendant.

TRIEBER, District Judge (after stating the facts as above).  [1] Assuming for the present that the county courts of the state of Arkansas when calling in warrants for examination and reissuance under the provisions of the statutes of that state, as hereinbefore set out, are acting in a judicial capacity, and that the order calling in such warrants makes it an action pending in that court, the plea is bad, for it is well settled by all the authorities that the pendency of an action in a court of a foreign jurisdiction is no bar to maintaining an action in a domestic court of competent jurisdiction. For that purpose the national courts are deemed to be foreign to the state courts, although they are in the same state. It would serve no useful purpose to cite the numerous authorities sustaining this rule, as the late decision of the Supreme Court in McClellan v. Carland, 217 U. S. 268, 282, 30 Sup. Ct. 501, 505 (54 L. Ed. 762), is conclusive on this court. It was there held:

"The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction, for both the state and federal courts have certain concurrent jurisdiction over such controversies, and when they arise between citizens of different states the federal jurisdiction may be invoked, and the cause carried to judgment, notwithstanding a state court may also have taken jurisdiction of the same case."

In that case the judge of the national court did not dismiss the action, but had stayed the hearing thereof until the state court, in which an action involving the same issues, and between the same parties, was pending, had disposed of it; the state court having first obtained jurisdiction. The Supreme Court granted a mandamus directing the judge to proceed with the case. The same rule has been recognized and followed by the Supreme Court of Arkansas in Grider v. Apperson, 32 Ark. 332, 335; Moore v. Emerick, 38 Ark. 203, 204. See, also, Barber Asphalt Co. v. Morris, 66 C. C. A. 55, 58, 132 Fed. 945, 948.

[2] Is the proceeding in the county court of Monroe county, as set out in the plea, a pending action or judicial proceeding?

The order of the county court calling in the warrants was made on July 7, 1913, calling in the warrants to be presented on the 9th day of October, 1913. On September 8, 1913, the plaintiff in this cause, not having made itself a party to the proceeding in the county court by filing or presenting its warrants, or in any way submitting itself to the jurisdiction of that court, instituted this suit, more than a month before the holders of these warrants were required to present them to the county court under its order.

Leaving out of consideration, for the present, the question whether there was any proceeding pending before the time the holders of the warrants were required to present them (October 9, 1913), are these proceedings in the county court of a judicial nature so that it may be said there is a pending cause affecting all holders of warrants issued prior to May 15, 1913?

At the time the present Constitution of this state was framed and adopted (it was adopted October 30, 1874), there were no county courts in this state. The fiscal affairs of the counties were then under the control of boards of supervisors, and the judicial powers vested by the present Constitution in the county courts were then in the circuit courts of the state. Chapter 17, Gantt's Digest of the Statutes of Arkansas 1874, entitled "Boards of Supervisors," and sections 1182 to 1184, c. 40, Gantt's Digest, entitled "Courts–Circuit." Among the powers granted to the boards of supervisors was that of calling in warrants, now exercised by the county court. Section 614, Gantt's Digest. Section 614 of Gantt's Digest is identical with section 1175 of Kirby's Digest, except that by an amendatory act, approved February 26, 1875, that section, which originally was enacted January 6, 1857, was changed, permitting such calls to be made annually instead of "not oftener than once in three years." That the board of supervisors had no judicial powers is unquestioned, as will be noticed by reference to chapter 170 of Gantt's Digest, and it was so expressly held by the Supreme Court of this state in Maxey v. Mack, 30 Ark. 472, 482. The present Constitution abolished the boards of supervisors and created the county courts. Section 23 of Schedule to the Constitution of 1874, which is as follows:

"The county courts provided for in this Constitution shall be regarded in law as a continuation of the boards of supervisors now existing by law."

By section 28 of article 7 of the Constitution of 1874, now in force, the jurisdiction of the county courts is as follows:

"The county courts shall have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, paupers, bastardy, vagrants, the apprenticeship of minors, the disbursement of money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties. The county court shall be held by one judge, except in cases otherwise herein provided."

Under these provisions of the Constitution, the county courts have been invested with power and jurisdiction to manage the fiscal affairs of the county, duties performed, under the old Constitution, by the boards of supervisors, and in addition thereto, with judicial powers in certain cases. Among the latter, county courts are given exclusive original jurisdiction in all cases and matters relating to bastardy proceedings (chapter 13, Kirby's Digest); to hear contests of elections involving county and township offices (section 2860, Kirby's Digest); to hear contests of elections for liquor licenses (section 5119, Kirby's Digest); to settle the accounts of collectors of the revenue (section 7162, Kirby's Digest); to render judgment against a defaulting collector and the sureties on his bond (Pettigrew v. Washington County, 43 Ark. 33); to determine contests for the removal of county seats

(Russell v. Jacoway, 33 Ark. 191); and certain other matters which it is unnecessary to set out in this opinion. In these cases the acts of the county courts and their judgments are entitled to the same respect, and have the same effect, as those of other courts of record; the statute making them courts of record. But that it is exercising judicial functions in matters of the nature here in controversy has been expressly negatived by this court in Shirk v. Pulaski County, 4 Dill. 209, 213, Fed. Cas. No. 12,794, and in Wall v. Monroe County, 103 U. S. 74, 79, 26 L. Ed. 430. In the last-cited case it was sought to obtain a judgment against the same county on its warrants which had been reissued under the provisions of the statute under which the county court is now seeking to proceed as set out in defendant's plea. The county pleaded a set-off against the original payee of the warrants. On behalf of the plaintiff, who had become the owner of the warrants by purchase for a valuable consideration, it was claimed that the action of the county court was a judicial determination and therefore conclusive, and not subject to collateral attack; that, the set-off having existed at the time those warrants were upon examination reissued, the judgment of the county court concluded the county. This contention was denied by the court without any extended argument upon the authority of Shirk v. Pulaski County. That case was therefore approved by the Supreme Court, which adopted it as its own conclusion as to the law governing acts of county courts of the state of Arkansas in matters of this nature.

The opinion in the Shirk Case was delivered by Circuit Judge Dillon and concurred in by the then District Judge Caldwell, at a later day and for many years the senior Circuit Judge of this circuit. The court there said:

"It is insisted, however, by the warrant holder. that the auditing of claims by the county court, or by its predecessor, the board of supervisors, and the issuing of a warrant for the amount found due a claimant, is a judicial act and a judicial determination of the question of the county's liability, which is binding on both the claimant and the county, unless reversed on appeal or set aside in some direct manner; and, as a consequence, that the liability of the county on warrants, or the consideration therefor, cannot be inquired into collaterally, or by way of defense to an action on the warrants. The statute of this state gives the county court power 'to audit, settle and direct the payment of all just demands against the county.' * * * The claimant may appeal from the allowance, or refusal to allow, but it has been decided that the county cannot. (Since then statutes have been enacted permitting any citizen or taxpayer to appeal on behalf of the county.) There is nothing peculiar in the legislation of Arkansas in the matter of auditing claims and issuing warrants therefor; and it has been decided in many states, and repeatedly, that such settlements have not the force of judicial judgments, which estop or conclude either the claimant or the county. * * * (Citing a number of cases.) Many more cases might be cited, but it is hardly necessary. The true rule is this: Within the limits of their power, as conferred by statute, the action of the county court, in determining the amount due a creditor of the county, in the absence of fraud, or, perhaps, mistake, binds the county; but the county court cannot bind the county by ordering a claim to be paid which is not made a county charge by statute, or by allowing more than the statute distinctly limits, or by an allowance in the face of a statutory prohibition."

The demurrer to the plea is sustained upon both grounds.