Argued July 22, affirmed September 8, 1914.

## CLATSKANIE STATE BANK *v.* RAINIER.

### (143 Pac. 909.)

**Municipal Corporations—Warrants—Negotiability—"Negotiable Instrument."**

1.   City warrants are not negotiable instruments in the sense applied to unmatured commercial paper; and, while they are *prima facie* valid, yet as against any holder they are subject to all defenses, the same as any open account or non-negotiable paper.

> [As to the negotiability of an instrument referring to a particular fund or account, see note in Ann. Cas. 1913C, 932.]

**Municipal Corporations—Warrants—Actions—Evidence.**

2.   In an action on a city warrant by a purchaser thereof, the court may inquire into the whole transaction between the original parties, and determine whether the city charter provisions have been observed in the issuance of the warrant.

**Municipal Corporations—Contract—Necessity for Ordinance.**

3.   Where a city charter requires all city contracts and all appropriations in excess of $500 to be made by ordinance, and an ordinance authorizing the employment of a city engineer provides that he shall be paid 4 per cent of the cost of any and all improvements under his supervision and ·inspection, 2 per cent to be paid in warrants when the estimate is made, and the balance monthly as the work progresses, a provision in the contract, entered into by the mayor and police judge, that if any contractor shall fail to complete his work within the time fixed by his agreement, then extra costs of inspection shall be paid to the engineer out of the penalties the city shall collect from the contractor is void, and a warrant exceeding $500, issued in compromise of a claim for such extra costs, is not enforceable.

> [As to fact that municipality has exceeded debt limit as defense to claim by official for fees or compensation, see note in Ann. Cas. 1914C, 1219.]

From Columbia: JAMES A. EAKIN, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

This is an action by the Clatskanie State Bank, a corporation, against the City of Rainier, a municipal corporation.

After alleging the corporate character of both parties, the complaint states, in substance, that on October 9, 1911, the defendant, being indebted to Orrin Backus

in the sum of $2,400 on an account filed and approved by order of the city council, issued to him its warrant on the city treasury for that amount, which after presentment and indorsement, "not paid for want of funds," he sold to the plaintiff for a valuable consideration. The plaintiff brings this action on the warrant, its demand upon the city for payment thereof having been refused, all as averred by the complaint.

The answer denies all the complaint except the characterization of the parties. It further defends by setting out section 6 of chapter 7 of its charter:

"All contracts made or to be made wherein the city is an interested party, all franchises granted, all appropriations made in excess of $500.00, and all other important acts shall be done by ordinance, and the right of referendum shall remain inviolate with reference thereto as provided by the state law."

—and alleges that the city council did not enact any ordinance authorizing the issuance of the warrant upon which the action is instituted. A still further defense is to the effect that Backus was employed by the city under contract to act as its engineer in constructing certain public works; that the amount of the warrant was for extra work occasioned by the delay of the contractor performing the work over which Backus had supervision; that by the terms of his employment Backus was to look for his extra compensation solely to funds which the city should collect from the contractor as penalties for his failure to perform his covenants; and that no such fund had been collected, by reason of all which the city is not liable to pay the claim.

Replying, the plaintiff pleads an enactment of the city council, entitled "An ordinance for the purpose of engaging Orrin Backus to act as city engineer for the

current year ending the first Monday in March, 1910,'' that the contract alluded to was made by virtue of that ordinance, and that Backus performed 581 days extra work, for which on April 5, 1911, he rendered an account to the defendant as follows:

''The City of Rainier, Oregon, to Orrin Backus, Dr.

''In the matter of overtime to date on the contract for the improvements of road districts Nos. 1 and 2:

| | |
|---|---:|
| Total number of days from October 22, 1909, to date | 682 |
| Number of Sundays and holidays | 101 |
| | 581 |
| Days deducted arbitrarily as a compromise | 200 |
| | 381 |
| At $10.00 | $3,810 |

''The above statement is offered as a compromise and is for acceptance or rejection upon this date, and provided that if this statement is rejected, the right is hereby reserved to withdraw the compromise as herein offered.                    Respectfully,

''ORRIN BACKUS.''

The reply then narrates certain proceedings of the council the substance of which is that at a regular meeting of that body a motion was carried ''that the city settle with Orrin Backus for the sum of $3,000 in full of account with the city,'' and alleges in effect that in pursuance thereof the city settled and adjusted the claim at $3,000 by issuing its two warrants, one for $600, which has been paid, and the other for $2,400, which is here involved, and which he sold to plaintiff, as averred in the complaint. Claiming to be a purchaser of the warrant for value paid in due course without notice of any defense against the same, the plaintiff concludes its reply with a plea to the effect that under the circumstances the defendant is estopped

to resist the claim.   The Circuit Court heard the cause without a jury, made findings of fact and conclusions of law declining to enforce payment of the warrant, and dismissed the action.   The plaintiff appealed.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Martin Watrous* and *Messrs. Emmons, Emmons & Reid,* with an oral argument by *Mr. Watrous.*

For respondent there was a brief with oral arguments by *Mr. William H. Cooper* and *Mr. Ralph R. Duniway.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2.   City warrants are not negotiable instruments in the sense applied to unmatured commercial paper so as to cut off defenses unknown to the purchaser for value. Such drafts on the municipal treasury are *prima facie* valid evidence of city indebtedness, but, as against any holder, they are subject to all defenses, the same as any open account or non-negotiable paper: *Goldsmith* v. *Baker City,* 31 Or. 249 (49 Pac. 973); *Frankl* v. *Bailey,* 31 Or. 285 (50 Pac. 186); *Klamath County* v. *Leavitt,* 32 Or. 437 (52 Pac. 20).   Consequently it was permissible for the court  to inquire into the whole transaction between the original parties, and to determine whether the provisions of the charter designed to protect the funds of the city had been observed in the issuance of the warrant.

3. The contention of the plaintiff is that the section of the charter already quoted  was observed  by the Ordinance No. 115, and that this municipal legislation was broad enough to cover the act of the council in

passing the motion to allow the claim for extra services of the engineer. The ordinance in the first section requires the mayor and police judge to enter into a contract with Backus, engaging him to act as engineer for the city "for the current year ending the first Monday in March, 1910, and until all work then under his supervision and control and which is at that time unfinished shall have been completed." The second section requires that "the contract shall provide for the proper inspection, in accordance with the usual customs in such cases." The third section contains all that is said in the ordinance about the compensation of Backus for his services to be rendered, and reads thus:

"The compensation to be paid said engineer shall be 4 per cent of the cost of any and all improvements made under his supervision and inspection, the same to be paid as follows: Two per cent of the cost as is shown by the estimate shall be paid in warrants of the city when the estimate is made and plans and specifications furnished and submitted to the council, and the balance to be paid monthly as the work progresses and as nearly as can be, according to the usual customs of other cities, in like cases."

The two remaining sections provide for the appointment of another engineer in case of the death or disability of Backus, and declare an emergency, giving immediate effect to the ordinance on its approval by the mayor. The ordinance was the measure of the authority of the city officers to contract for compensation of the engineer. True enough, the contract, which was actually signed contains a stipulation to the effect that if any contractor shall fail to complete his work within the time fixed by his agreement, then extra costs of inspection shall be paid to Backus out of the penalties the city shall collect from the contractor. This,

however, is not binding upon the city because of the limitation about compensation contained in the ordinance. An individual dealing with city officers must take notice of the restrictions imposed upon them by the charter and ordinances enacted in pursuance thereof. The contract cannot rise above its source, the ordinance, in force or efficacy. It cannot provide for any compensation not authorized by the ordinance. Confessedly the claim upon which the warrant was issued was for extra pay in addition to that sanctioned by the enactment of the council passed pursuant to the charter. It amounts to a new and separate demand for an appropriation of city funds in excess of $500, which the charter plainly says must be accomplished by ordinance. The original ordinance had spent its force when the recompense which it prescribed had been paid. It does not constitute any authority or protection for additional payments. We do not nor cannot pass upon the wisdom or expediency of such a charter provision. We can only enforce the local organic law as we find it. Neither are we called upon in this proceeding to compel the city to reimburse the plaintiff for money it has invested in non-negotiable paper. We must decide the case as it is laid in the pleadings. In short, the plaintiff has declared on a warrant open to all defenses arising between the original parties. The record discloses that it was issued for a claim in excess of the authorized compensation and in a manner contrary to the charter. This prevents recovery here.

The judgment must be affirmed.    AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE RAMSEY concur.