**CITY OF SAN ANTONIO v. CULLEN.**

No. 11246.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 10, 1943.

Victor Keller, Gus C. Garcia, and E. G. Bradley, all of San Antonio, for appellant.

Robert Lee Bobbitt, Park Street, and W. W. Fowlkes, all of San Antonio, for appellee.

NORVELL, Justice.

The City of San Antonio has appealed from a judgment in favor of appellee,

Charles Cullen. The trial court allowed a recovery upon the following warrant which was introduced in evidence:

"City of San Antonio Texas
"Deficiency Warrant      $1,057.17
"Non-Negotiable and Non-Transferable

"No. 323                San Antonio, Texas,
                                29 April, 1939

"On presentation and surrender of this warrant, the City of San Antonio will pay, at the office of the City Treasurer, to ——— Chas. Cullen ———

$    City of    $1,057 & 17 Cts   Dollars
     San Antonio

Out Of Any Money Available Therefor In The City Treasury Not Otherwise Appropriated, For Back Pay For Firemen And Policemen Authorized By Ordinance Dated April 27, 1939.

(Signed) C. K. Quin     (Signed) Jas. Simp-
          Mayor              son, City Clerk"

■ In City of Belton v. Harris Trust & Savings Bank, Tex.Com.App., 283 S.W. 164, 167, the following from 2 Dillon on Municipal Corporations (5th Ed.) § 855, was quoted with approval: "County and city orders signed by the proper officers are prima facie binding and legal. These officers will be presumed to have done their duty. Such orders make a prima facie cause of action. Impeachment must come from the defendant."

The Commission of Appeals further said:

"The first case cited by the learned author [Dillon] for this proposition (Wall v. Monroe County, 103 U.S. 74, 26 L.Ed. 430) abundantly supports the text. Speaking of warrants as evidencing an indebtedness of a municipality, Mr. Justice Field there said:

" 'They are orders upon the treasurer of the county to pay out of its funds for county purposes, not otherwise appropriated, the amounts specified. They establish, prima facie, the validity of the claims allowed and authorized their payment. But they have no other effect.' "

■ It therefore appears that appellee by introducing the warrant in evidence established a prima facie case for recovery. The City sought to rebut appellee's prima facie case by introducing in evidence the City ordinance of April 27, 1939, mentioned in the face of the warrant. This ordinance is styled "An Ordinance Authorizing Issue of Warrants for Debt Due Firemen and Policemen," and was apparently adopted in accordance with the provisions of Senate Bill 89, Acts of the Forty-fifth Legislature, Acts 1937, p. 358. Article 1583, Vernon's Ann.Penal Code. See, also, Article 802a, Vernon's Ann.Civ. Stats. This Act is discussed by the Supreme Court in the recent case of Morrison v. City of Fort Worth, Tex.Sup., 155 S.W.2d 908.

The City further introduced in evidence an ordinance dated March 28, 1940, whereby the City acting by its Commissioners attempted to repeal the former ordinance of April 27, 1939, and declared that all warrants issued in accordance therewith were "null and void."

In addition to appellee, the only witness called was the Auditor of the City of San Antonio, who testified that since April 29, 1939, there had not been sufficient available funds in the treasury of the City of San Antonio to pay appellee's warrant.

In our opinion the City has failed to rebut appellee's prima facie case. We hold that the ordinance of April 29, 1939, supports the issuance of the warrant here involved.

■ The City contends that the recitation in the face of the warrant making the same payable "out of any money available therefor in the City Treasury not otherwise appropriated" makes said warrant payable out of a "special fund." It is urged therefore that this case is governed by the rule laid down in City of Seymour v. Municipal Acceptance Corporation, Tex. Civ.App., 96 S.W.2d 814. The distinction between this case and the one cited is believed apparent. The common recitation "out of funds not otherwise appropriated," or phrases similar thereto, can not be construed as establishing or providing for a "special fund" similar to a "special fund" to be established by the profits and proceeds from the operation of a municipally operated utility. The warrant involved here is a general fund obligation, it is so designated in the ordinance, and the recitation in the warrant is in conformity with the ordinance and not contradictory of the provisions therein.

■ As to the repealing ordinance of March 28, 1940, the record is entirely silent of any suggestion as to the reason why the ordinance was adopted or by

virtue of what authority. It is not contended that the prior ordinance, sought to be repealed, was illegal, unauthorized or entered as a result of misadventure, accident, fraud or mistake. In this state of the record, we believe the following counter-point of appellee should be sustained, viz:

"The City could not avoid its debt, nor the legal evidence of that debt, by passing an ordinance merely providing that the warrant was 'hereby declared null and void'."

As none of appellant's points disclose a reversible error, the judgment appealed from is affirmed.