

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 12, 1960

Mr. Joe Nelson, Director
Board of County and District
  Road Indebtedness
Highway Building
Austin 1, Texas

Opinion No. WW-901

Re: Legal effect of Duval
County Commissioners'
Court order on its
Special Road Refunding
Warrants

Dear Mr. Nelson:

    The background of your request for an opinion of this department is substantially as follows:

1. On September 15, 1938, the Commissioners' Court of Duval County issued two series of County Road Warrants, A & B, in the total amount of $155,000.00.

2. On January 10, 1949, the Commissioners' Court issued $140,000.00 "Duval County Special Road Refunding Warrants" for the purpose of refunding at an interest saving of 1%, a like amount of the 1938 warrants then outstanding.

3. In January, 1950, the Board of County and District Road Indebtedness (hereinafter called the Board) began paying under the provisions of Article 6674q-7, V.C.S. the principal of and interest on the warrants when due.

4. On May 13, 1957, the Commissioners' Court of Duval County sought to repudiate the warrants and ordered that the Board be notified to suspend payments.

5.  On June 4, 1957, the Board asked the
    Attorney General for an opinion as to
    the status of the warrants and what
    course the Board should pursue.

6.  Attorney General's Opinion WW-206 (1957)
    advised that copies of the original pro-
    ceedings relating to the authorization
    of the 1938 warrant issues were not
    available; [1] therefore, this office was
    in no position to pass upon the legality
    of the warrants. Consequently, the Board
    was counselled to cease payments on the
    1949 warrants but otherwise maintain the
    status quo by continuing to build up
    funds for their possible payment in the
    future.

7.  On December 2, 1958, the Commissioners'
    Court of Duval County acted to repeal the
    repudiation order of May 13, 1957, and
    requested the Board to resume its pay-
    ments under Article 6674q-7, V.C.S.

The Board now requests an opinion from the Attorney
General as to the current status of the warrants.

This office now has certified copies of the 1938 and
1949 warrant proceedings by the Duval County Commissioners'
Court.

The orders of September 15, 1938, authorizing the
original warrants, reflect an attempt to issue warrants
under Article 2368a, V.C.S.

---

[1] The orders were not available because the minute books of
the Commissioners' Court of Duval County had been impounded
by a United States District Court.

Mr. Joe Nelson, page 3 (WW-901)

The order of January 10, 1949, reflects that the Commissioners' Court intended to refund at a lesser interest rate the then outstanding $140,000 of the original 1938 warrants with a like amount of "Duval County Special Road Refunding Warrants." These obligations remained essentially warrant obligations of the county regardless of the title bestowed upon them. Moreover, the cancellation of the warrants originally issued and the substitution of others in their place did not change their character. Wall v. Monroe County, 103 U.S. 74, 26 L. Ed. 430.

Therefore, be advised that the 1938 and 1949 orders qualify to benefit from the several county warrant validation statutes enacted by the Texas Legislature, the most recent being Acts 56th Leg., R.S. 1959, ch. 321, p. 700 (Art. 2368a-6, V.C.S.).

The enactment of validating statutes is a valid exercise of a power residual in the legislative process. Desdemona Independent School District v. Howard, 34 S.W.(2d) 840 (Comm.App.). In this manner the Legislature, if it sees fit, can cure defects in past proceedings or acts of governmental bodies. These curative measures can render whole that which once must have fallen because of a failure to substantially observe the prescribed statutory process. Nolan County v. State, 83 Tex. 182, 17 S.W. 823.

If the Board is satisfied that these warrants are otherwise eligible under Article 6674q-7, V.C.S., and that the instruments presented as proof of the obligation are substantially in compliance with the orders authorizing their issuance, then payment thereon may be resumed since it is the opinion of this office that the Legislature has validated the proceedings creating the indebtedness.

### SUMMARY

The orders of the Duval County Commissioners' Court of 1938 and 1949 and the financial obligations in the form of warrants issuing therefrom have been

validated by the Texas Legislature. Therefore, the Board of County and District Road Indebtedness may resume payment thereon provided there is compliance with Article 6674q-7, V.C.S.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Grundy Williams
Assistant

GW-s

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman
Tom I. McFarling
Phocion S. Park, III
Houghton Brownlee, Jr.
Robert H. Walls

REVIEWED FOR THE ATTORNEY GENERAL
By:    Leonard Passmore