Hilborn *v.* Artus *et al.*

JOSEPH R. HILBORN, appellant, *v.* JOSEPH ARTUS *et al.,*
appellees.

*Appeal from Adams.*

An assignor of a promissory note does not become liable to his assignee, by the mere
absence from the State, of the maker, when the note falls due; but if the maker is
absent from the State at the time when, in order to fix the liability of the assignor,
a suit should be commenced against the maker, or at the first term of the Court,
after the note becomes due, then the assignor is liable. But the liability of an as-
signor does not arise from a mere temporary absence of the maker, when the note
falls due, or when the suit is about to be commenced against him on the note.
Notice of the non-payment of a promissory note, when it becomes due, is not
necessary to charge an assignor.
*Quere,* Whether an action of debt can be maintained by an assignee against an assig-
nor of a promissory note.
Under the statute of Illinois, a note payable to a person or bearer, cannot be trans-
ferred or assigned by delivery only, so as to authorize the holder to sue in his own
name; and a suit cannot be sustained upon the note by the holder, against the per-
son who thus assigned it to him.

THIS cause was heard in the Adams Circuit Court, at the April
term, 1839, before the Hon. James H. Ralston and a jury. A
verdict was rendered for the plaintiff for $360 debt, and $16 dam-
ages. A motion was made in arrest of judgment, which was over-
ruled, and judgment entered on the verdict. The defendants ap-
pealed to this Court.

A. WILLIAMS, for the appellant.

BROWNE, Justice, delivered the opinion of the (old) Court:
This was an action of *debt*, brought by Artus and Cameron in the
Adams Circuit Court, against Hilborn, as assignee of a promissory
note, made by one O. M. Wheeler, to Andrew Wood, or bearer.
The declaration alleges, that before the payment of the money speci-
fied therein, the note was delivered to Hilborn, " who was then and
there the bearer thereof, and entitled to the sum of money therein
specified ; and so being the bearer, and entitled to the money spe-
cified in it, before the payment of it, endorsed the note to the plain-
tiffs, Artus and Cameron, and then and there delivered the note so
endorsed to them." The declaration then avers, that they made
diligent search and enquiry for Wheeler, the maker, in Adams
county, in order to present and show the note to him for payment ;
but that Wheeler could not be found, nor did he pay the note ;
averring that he had, on the day the note became due, left the county
of Adams, and the State of Illinois ; of all of which the defendant,
Hilborn, had notice. The plea of *nil debet* was pleaded by the de-
fendant, and the cause tried by a jury, when a verdict was rendered
for the plaintiffs. A motion was made by the defendant in arrest
of judgment, which the Court overruled, and gave final judgment
for the plaintiffs. A bill of exceptions was taken during the pro-
gress of the cause, from which it appears that the defendant asked

Hilborn *v.* Artus *et al.*

of the Court the following instructions, to wit: "If the jury believe, from the evidence, that Wheeler had gone out of the State, temporarily, on business, intending to return and reside in the State, and had not changed his residence, permanently, at the time the note became due, or at the time of the commencement of the suit, they will find for the defendant; and secondly, that unless they believe, from the evidence, that due notice of the non-payment of the note, at the time it became due, was given by the plaintiffs to the defendant, they will find for the defendant." These instructions were refused, and an exception taken, and the cause brought here by appeal. The appellant assigns for error, first, the refusal of the court to arrest the judgment; and, secondly, to give the instructions asked for by him. The first assignment of error is predicated upon the allegations of the declaration. It is not usual in such cases to declare in debt, but in assumpsit.

The liability of the assignor of a note is secondary only. We have doubt whether the action of debt will lie against the assignor. The declaration, in this case, however, sets out a note payable to Wood, or bearer, and which came to the defendant by delivery only, and he assigned it to the plaintiffs. We think there can be no question that, under our statute, notes payable to a person, or bearer, cannot be transferred, or assigned by delivery only, so as to authorize the holder by delivery, to sue in his own name. There is but one way by which he can do so, and that is, by virtue of the assignment endorsed on the note itself. The endorsement gives the right to sue in the name of the assignee. This note, then, as appears on the face of the declaration, did not come to the defendant by endorsement, and he had no authority to assign it by an endorsement. He could not transfer the interest in it so as to enable his assignees to sue the maker in their names, and, consequently, could not be liable himself in an action of debt brought against himself by such assignees. They want the legal competency, with which an assignment could clothe them, to sue as assignees. The defendant might be liable to the plaintiff in some other form of action, declaring specially, and setting out all the facts of the case, in relation to the note, its delivery and assignment, and the consideration. For aught that appears in the declaration, the assignment was without any consideration, and not binding. We think, then, the judgment should have been arrested. As to the instructions asked for and refused, we are of opinion that the liability of an assignor does not arise merely from a temporary absence of the makers from the State when the note falls due, or when the suit is about to be commenced. If this were so, no maker of a note could even risk leaving the State to make his purchases, for fear of injuring his endorsers; and the pursuits of all who might be concerned in such paper, would be fettered in an unreasonable degree. The act declares if the institution of such suit would have been unavailing, or that the maker, or makers had absconded, or left the

State, when such assigned note, bond, bill, or other instrument in writing, became due, such assignee, or assignees, &c., may recover against the assignor, or assignors, as if due diligence by suit had been used. The statute must not be read so ~~as to~~ ~~prev~~ent the maker of a note from crossing the river into Missouri, on his ordinary and usual business, nor should it be so construed, as to subject the assignee of a note to the great delays which might result to him by a long and protracted absence of the maker, although not with the intention of making such absence permanent. Absconding and leaving the State are placed in juxtaposition in the act; and the existence of the latter fact, that of leaving the State, is no doubt intended as a substitute for the use of due diligence by suit. We would then think that if the maker is absent from the State, at the time when, in order to fix the liability of the assignor, a suit should be commenced against the makers, or at the first term after the note falls due, then the assignor is liable. It ought to be held his duty to see that the maker is present when the note falls due, so that he may be bound to be sued, or if he is not present, that the assignor should provide the means of payment. The assignor should be required to look to it, and see that the maker's absence is not to prejudice the assignee. If the maker is leaving the State, the assignor has an opportunity to secure himself, and can do so. He can protect himself against any loss that might arise by the permanent absence of the maker. This rule, we think, will be salutary in practice, and protect as well the interest of the assignor, as the interest of the assignee.

The first instruction asked for was too broad in its terms, and was correctly refused. The other instruction was also properly refused. The law does not require notice in such case to be given to the assignor.

The judgment of the Circuit Court is reversed with costs.

*Judgment reversed.*

*Note.    See* 2 Scam. 360, 579, *et seq.*