### OTTAWA *v.* NATIONAL BANK.

1. *Hackett* v. *Ottawa* (99 U. S. 86) cited, and the doctrines therein set forth reaffirmed.
2. Municipal bonds in Illinois, payable to a person therein named or bearer, are transferable by delivery without indorsement, and the holder may sue in his own name to recover their contents.
3. Where, without express legislative authority, they are payable at a place in another State, *quære*, What law should govern in determining the rights of the holder who claims them by delivery only.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. C. B. Lawrence* for the plaintiff in error.

*Mr. G. S. Eldredge* for the defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

The bonds in suit constitute a portion of the issue of $60,000 referred to in *Hackett* v. *Ottawa*, 99 U. S. 86. Like those held by Hackett, they were purchased before maturity, and without notice of any circumstances or facts impeaching their validity.

As in that case, so here, the bonds recite that they are issued in virtue of the power conferred by the charter of the city, upon its council, — the majority of voters, attending at an election for that purpose, assenting, — to borrow money on its credit and to issue bonds, pledging its revenue for the payment thereof; and also, in pursuance of two ordinances of the city council, one, passed June 15, 1869, entitled " An Ordinance to provide for a loan for municipal purposes," duly ratified by popular vote, and the other, entitled " An Ordinance to carry into effect the ordinance of June 15, 1869, entitled ' An Ordinance to provide for a loan for municipal purposes.' " The defence in the Hackett case was, that the bonds were not issued to effect a loan for municipal purposes, but were issued and delivered as a donation to one Cushman or to the Ottawa Manufacturing Company, a private corporation, to be used in aid of a merely private enterprise, and not for legitimate municipal purposes. Upon that ground, it was contended that they were void for the want of authority to issue them. Waiving any direct decision of the question, much elaborated by counsel, as to what, under the Constitution of the State, as interpreted by the Supreme Court of Illinois in numerous cases, is to be regarded as a municipal or corporate purpose, for which the city can lawfully exercise the power of borrowing money and issuing bonds, we there adjudged the defence to be insufficient, for these reasons: The city council had power, the voters consenting, to issue negotiable securities for certain municipal purposes; if the purchaser, under some circumstances, would have been bound to take notice of the provisions of the ordinances whose titles were recited in the bonds, he was relieved from any responsibility or duty in that regard by reason of the representation, upon the face of the bonds, that the ordinances provided for a loan for municipal purposes; such a representation, by the constituted authorities of

the city, would naturally avert suspicion of bad faith upon their part, and induce purchasers to omit an examination of the ordinances themselves; and, consequently, the city was estopped, as against a *bona fide* holder for value, to say that the bonds were not issued for legitimate or proper municipal or corporate purposes. Upon these grounds, the main defence in this suit must, also, be adjudged insufficient.

There is, however, one question raised in this case which was not made or determined in *Hackett* v. *Ottawa.* The bonds in suit are made payable at the St. Nicholas National Bank in the city of New York to W. H. W. Cushman or bearer, and, without his written assignment or indorsement, were taken by the First National Bank of Portsmouth, New Hampshire, the defendant in error. The city paid the interest maturing on the second days of August, 1870 and 1871.

The contention of counsel is that an assignment or indorsement of the bonds by the payee named therein, although they are also made payable to bearer, is, by the laws of Illinois, where the original contract was made, a prerequisite to pass the legal title, and to authorize a suit by the holder in his own name. This precise question arose in *Roberts* v. *Bolles* (101 U. S. 119), involving the validity of certain municipal bonds, payable to a railroad company or bearer, and on which there appeared no assignment or indorsement by the company. Upon examination of the decisions of the Supreme Court of Illinois, we there reached the conclusion that, by the repeated adjudications of that learned tribunal, municipal bonds payable to bearer, or to some named person or bearer, were excepted from the rule announced in *Hilborn* v. *Artus* (4 Ill. 344) and *Roosa* v. *Crist* (17 id. 450), in which it was, in effect, held that notes payable to a person or bearer could not be transferred or assigned by delivery only, so as to authorize the holder to sue in his own name.

Counsel in the present case insist that our ruling in *Roberts* v. *Bolles* resulted from a misapprehension of the settled course of decisions in the State court; and we are asked to reconsider the question in connection with some cases in that court to which our attention was not then called. Those specially relied on to establish the error of our conclusion in that case are

*Garvin* v. *Wiswell*, 83 Ill. 215, and *Turner* v. *Peoria & Springfield Railroad Co.*, 95 id. 134.

The first of those cases related to a county order executed by a board of supervisors, directing the treasurer of the county, on a day named, to " pay to John Murphy or bearer " a certain sum " out of the funds appropriated for bounties to volunteers, with interest at the rate of eight per cent per annum from this date, upon the presentation of the annexed coupons," — an instrument of writing not negotiable, in the sense of the law merchant, so as to exclude defences or evidence of invalidity, even when held by a *bona fide* purchaser. *Wall* v. *County of Monroe*, 103 U. S. 74.

The case in 95 Ill. relates to a certificate of indebtedness issued by a receiver appointed in a suit against a railroad company, and which certificate, the State court expressly held, did not possess the qualities of negotiable or commercial paper. It also appears, in that case, that the certificate was made payable to a named person " or bearer," when the order of court, printed thereon, directed it to be made payable to such person " or order."

The language of those two cases must be construed in connection with the particular kind of instrument to which the court referred. While in each may be found general statements which seem to justify the position of counsel, we do not understand those cases to determine anything necessarily inconsistent with the conclusion reached in *Roberts* v. *Bolles*, viz. that by the law of Illinois municipal bonds, whether payable to bearer, or to some person *or* bearer, are negotiable by delivery, so that the holder, even in the courts of Illinois, can sue thereon in his own name, although they have not been previously assigned or indorsed by the named payee.

Notwithstanding the criticism by counsel of the opinion in *Johnson* v. *County of Stark* (24 Ill. 75), we are not satisfied that the Supreme Court of Illinois has intended, in any subsequent case, to qualify what was there said by Walker, J., in reference to municipal bonds and coupons issued to railroad companies: " It seems to be the well-settled doctrine that State, county, city, and other bonds and public securities of this character are negotiable by delivery only, without in-

dorsement, in the same manner as bank-bills, especially when they are payable to bearer." In that case, the coupon was not payable either to order or to bearer, but the promise was to pay the amount named " on this coupon." The court ruled that the holder of the coupon could sue and recover in his own name.

The bonds in suit, it will be observed, are payable at a bank in New York. According to the general rules of commercial law, as recognized in that State, the holder of negotiable securities, payable to a named person or bearer, whether they are indorsed or not by such payee, acquires, by delivery merely, the legal title, and the consequent right to sue thereon in his own name. 3 Kent, Com. 78; *Brush* v. *Administrators of Reeves*, 3 Johns. (N. Y.) 439; *Dean* v. *Hall*, 17 Wend. (N. Y.) 214. Whether the nature and extent of the rights acquired by the bank are determinable by the law of New York, the place of performance, or whether the general rule that a contract is to be expounded by the law of the place where it is to be executed (6 Pet. 200; 13 id. 77; 1 How. 169), can be applied to an Illinois municipal corporation whose bonds, without express legislative authority, have been made payable elsewhere than at its own treasury (19 Ill. 406; 22 id. 151; 24 id. 91; 31 id. 531; 68 id. 535), are questions which need not be now determined. It is sufficient in this case to say that the ground first alluded to, upon which the plaintiff denies the right of the bank, the holder for value of its bonds, to sue in its own name, cannot be maintained.

*Judgment affirmed.*