# Town of Brewton v. Spira.

*Action against a Municipality to recover Amount due on Interest Coupons of Bonds.*

1. *Bonds of municipal corporation; rights of bona fide holders; estoppel of municipality.*—When the legislature authorizes a municipal corporation to issue bonds for a specified purpose, "which shall have all the properties and protection of commercial paper," and the bonds are legally executed in form and issued by the municipality through its authorized board or officers, the recitals in the face of the bonds that they were issued by virtue of a municipal ordinance and in accordance with and by virtue of the acts of the legislature, work an estoppel against the municipality from setting up as a defense against a *bona fide* purchaser for value that such bonds were, in fact, issued for an unauthorized purpose, and were, therefore, void.

2. *Same.*—By an act of the legislature, a city was authorized to issue bonds for the purpose of constructing a system of water works, and to make other designated improvements. It was provided in the act that the bonds should "have all the properties and protection of commercial paper." The bonds issued by the said municipality were legally executed by the city through its authorized officer, and recited that they were issued by virtue of an ordinance adopted by the board of mayor and council of said city under authority and in accordance with said act of the legislature. The ordinance of the mu-

[Town of Brewton v. Spira.]

nicipality referred to, authorized the issuance of the bonds to provide water works and electric lights for the city, but the latter improvement was not authorized by the act of the legislature. *Held*: That, the bonds being regular upon their face and properly executed and purporting to be issued under an ordinance of the municipality and in accordance with the act of the legislature, in an action by a *bona fide* purchaser for value of such bonds the city is estopped from setting up the defense of *ultra vires*, that the bonds were issued for an unauthorized purpose, and were therefore void.

3. *Action against municipal corporation; burden of proof, when plea sets up a defense good against one who is not an innocent purchaser.*— When, in action against a municipal corporation upon bonds issued by it, a plea of the defendant sets up facts which present a defense to the maintenance of the suit on the bonds in the hands of one who is not an innocent purchaser, the burden is upon the plaintiff to show that he was a *bona fide* purchaser of the bonds for value.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JESSE M. CARMICHAEL.

This was a suit brought by the appellee, A. H. Spira, against the town of Brewton, to recover an amount alleged to be due upon two interest coupons of municipal bonds, alleged to have been issued by the defendant. The facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in his favor, and to the giving of this charge the defendant duly excepted.

There were several exceptions reserved to the rulings of the court upon the evidence, but the opinion on this appeal renders it unnecessary to set out in detail the facts pertaining to these rulings.

There were verdict and judgment for the plaintiff. r he defendant appeals, and assigns as error the several ulings of the trial court to which exceptions were reserved.

McINTOSH & RICH and J. M. DAVISON, for appellant. 1. The town of Brewton had no authority under the act of the legislature to issue bonds for the building of an electric light plant, or for any other purposes or objects than those specified in the said act; and bonds issued for any other purposes were void.—*Hedges v. Dickson*, 150 U. S. 182. A *bona fide* holder of such bonds is bound

to show legislative authority in the issuing body to create the bonds. Recitals in the face of the bond or acts *in pais* operating by way of estoppel may cure irregularities in the execution of statutory power, but they can not create it.—*Hayes v. Holly Springs*, 114 U. S. 120. A municipal corporation is bound only when its agents or officers keep within the limits of the chartered authority of the corporation.—*City of Eufaula v. McNab*, 67 Ala. 588.

2. A purchaser of a bond issued under legislative authority and reciting on its face that it was so issued, is chargeable with notice of restrictions and conditions, and can not claim protection as an innocent holder, although the bond recites that it was issued in conformity with the statute.—*Mayor v. Wetumpka Wharf Co.*, 63 Ala. 611. The charter of a municipal corporation and special statutes conferring on its additional powers for special purposes are public statutes of which the courts will take judicial notice; and all persons dealing with the corporation must, at their peril, take notice of the capacity to contract, its limitations and restrictions thereby conferred on the corporation.—*Mayor v. Wetumpka Wharf Co.*, 63 Ala. 611; *New Decatur v. Berry*, 90 Ala; 432.

3. A purchaser of municipal bonds is bound to ascertain whether the municipality has power to issue the bonds and an utter want of such power is not cured by recitals in the bonds.—*Coffin v. Board of Com.*, 57 Fed. Rep. 137. The recital in the bond that it was issued in pursuance of an ordinance of the town of Brewton is notice that they were issued for the purposes specified in such ordinance.—*Barnett v. Denison*, 145 U. S. 135. The purpose specified in the ordinance being unauthorized the bond in queston was not an obligation of the town of Brewton. The invalidity of the bond was thus known to appellee.—*Risley v. Howell*, 57 Fed. Rep. 544.

RABB & STEVENS and PILLANS, TORREY & HANAW, *contra.*—1. If the statutory authority for the issuance of bonds exists no illegality or informality in their issuance or misappropriation of the funds arising from the same will avail as a defense to a suit on the bonds brought by a *bona fide* holder.—*Gilman v. R. R. Co.*, 72 Ala. 566; *State v. Cobb*, 64 Ala. 127; *State v. Montgomery*, 74 Ala. 226.

[Town of Brewton v. Spira.]

2.   Where bonds of a municipality on their face im-
port a compliance with the law under which they are
issued, the purchasers are not bound to look further for
evidence of a compliance with the conditions annexed to
the grant of power to issue them; and the municipality
is estopped to deny as against bona fide purchasers that
such conditions have been complied with.—*State v. City
Council of Montgomery,* 74 Ala. 231; *Knox County v. As-
pinwall,* 21 How. 539; *Knox County v. Wallace,* 21 How.
546; *Mercer Co. v. Hackett,* 1 Wall. 83; *Larned v. Bur-
lington,* 4 Wall. 275; *Coloma v. Eaves,* 92 U. S. 484;
*Venice v. Murdock,* 92 U. S. 494; *Genoa v. Woodruff,* 92
U. S. 502; *Moultrie County v. Savings Bank,* 92 U. S.
631; *Humbolt v. Long,* 92 U. S. 642; *Douglass County v.
Bolles,* 94 U. S. 104; *Marion County v. Clark,* 94 U. S.
278; *Johnson County v. January,* 94 U. S. 202; *San An-
tonio v. Mehaffey,* 96 U. S. 312; *Warren County v. Marcy,*
97 U. S. 96; *Nauvoo v. Ritter,* 97 U. S. 389; *Orleans v.
Platt,* 99 U. S. 679; *Pompton Township v. Cooper Union,*
101 U. S. 196; *Buchanan v. Litchfield,* 102 U. S. 278;
*Harter v. Kernochan,* 103 U. S. 562; *Bonham v. Needles,*
103 U. S. 648; *Walnut v. Wade,* 103 U. S. 673; *Clay
County v. Society for Savings,* 104 U. S. 579; *Moultrie
County v. Fairfield,* 105 U. S. 370; *American Life Insur-
ance Co. v. Bruce,* 105 U. S. 328; *Northern Bank of Toledo
v. Porter Township,* 110 U. S. 608; 1 Dillon on Municipal
Corporations, §§ 549, 528, and 529.

3.   Behind such recitals, a *bona fide* holder for value
need look only for legislative authority to issue the
bonds.—*Hackett v. Ottawa,* 99 U. S. 86; *Sherman Coun-
ty v. Simons,* 109 U. S. 735; *Ottawa v. Bank,* 105 U. S.
342; *Rogers v. Burlington,* 3 Wall. 654.

COLEMAN, J.—The action was to recover the
amount of two interest coupons, upon the municipal
bonds of the appellant.   The defense was *ultra vires.*
The town of Brewton was authorized to issue bonds by
legislative enactment.   The first four sections of the act,
which we deem material, read as follows:

## "An Act

"To authorize the mayor and councilmen of Brewton
to issue bonds of said city for an amount not exceeding
twenty-five thousand dollars for the purpose of putting in

a system of water works and making other permanent improvements in said city.

"Section 1. Be it enacted by the General Assembly of Alabama, that the Board of Mayor and Councilmen of Brewton be and they are hereby authorized to issue bonds of said city of Brewton to an amount not exceeding twenty-five thousand dollars, or so much thereof as said Board may deem necessary for the purpose hereinafter named, in denominations of not less than one hundred dollars each, and payable thirty years from the date of their issuance, with coupons attached, bearing interest at a rate of not exceeding six per cent per annum, and payable semi-annually to bearer, said bonds and coupons being payable in gold of the present standard weight and fineness, in the city of Montgomery at some bank to be designated by the Board.

"Section 2. Be it further enacted, that the bonds authorized to be issued under the provisions of this act shall be signed by the mayor and countersigned by the treasurer of said city, and the city treasurer must keep a correct record and account of all the bonds issued and disposed of under this act.

"Section 3. Be it further enacted, that said mayor and councilmen of Brewton are hereby authorized to do any and all things that may be necessary to carry out the powers hereby granted, and no technical informality, irregularity, neglect or omission in the proceedings or records of said board shall in any way vitiate or annul said bonds or coupons, which shall have all the properties and protection of commercial paper, and shall be receivable for all dues to the city in the way of taxes or otherwise.

"Section 4. Be it further enacted, that said mayor and councilmen of said city are hereby authorized to negotiate and sell such bonds as are issued by them by virtue of this act, but said bonds shall not be sold for less than ninety cents on the dollar, and the proceeds of said bonds shall be paid over to and kept by the treasurer of said city to be used and applied in constructing and operating a system of waterworks in said city and in purchasing, building and improving school houses in said city, and in opening and improving the streets of said city, and in building and constructing sewers in said city : *Provided* that not more than five thousand

[Town of Brewton v. Spira.]

dollars of said money may be devoted to purchasing, improving and building school houses, and not more than three thousand dollars to opening and improving streets, and not more than two thousand dollars to building and constructing sewers."

The bonds read as follows:

"City of Brewton, State of Alabama.

"Six per cent Public Improvement Bonds, redeemable June 1st, 1922.

"Thirty years after date the city of Brewton, in the county of Escambia, State of Alabama, promises to pay to the bearer at the First National Bank in the city of Montgomery, State of Alabama, in gold of the present standard weight and fineness, one thousand dollars, with interest thereon at the rate of six per cent per annum, payable semi-annually at said bank, upon presentation of proper coupons hereto attached,

"This bond is issued by virtue of an ordinance adopted by the Board of Mayor and Councilmen of the City of Brewton on the 14th day of April, 1892, under authority of and in accordance with the provisions of an act of the Legislature of Alabama, approved February 14th, 1891, authorizing the said city of Brewton to issue bonds.

"City of Brewton, State of Alabama. (Seal) In virtue whereof the Board of Mayor and Councilmen of the said city of Brewton have caused this bond and the coupons thereof to be signed by the Mayor and countersigned by the Treasurer of said city of Brewton, and the seal of said city to be. affixed thereto at said city, this 1st day of June, 1892.

C. F. RANKIN, Mayor.

T. S. SOWELL, Treasurer."

The defendants contend that the ordinances of the town of Brewton show that the bonds were in fact issued to provide water works and electric lights, and that there was no authority to issue bonds for electric lights, and the recital in the bond "that it was issued by virtue of an ordinance adopted by the board of mayor and councilmen of the city of Brewton on the 14th of April, 1892," gave notice to all persons that the bond was issued to construct water works and supply electric lights, and was, therefore, unauthorized and *ultra vires*.

The question presented is, whether a purchaser of the bonds, was required to examine further than the act of

the legislature authorizing the issue and the recitals of
the bond, when no such duty was imposed by the statute.
We think not.  When the legislature authorizes a muni-
cipal corporation to issue bonds ''having the properties
and protection of commercial paper,'' without conditions
precedent, or qualification, but absolutely, although for
a specified purpose, and the bonds are legally executed
in form and issued by the city through its authorized
board or officers, the recitals in the face of the bonds
that they are issued by virtue of a city ordinance and in
accordance and by virtue of the act of the legislature,
operates as an estoppel against the city from setting up
the defense against an innocent purchaser that they
were in fact issued for an unauthorized purpose.  When
the act of the legislature requires that the bond shall
state the purpose for which issued, and the bond fails to
contain such notice, a purchaser is chargeable with
notice of the defect in the bond.

In the case of *Hackett v. City of Ottawa*, 99 U. S. 86,
the court uses the following language :  ''For all corpo-
rate purposes, as we have seen, the council, if so in-
structed by a majority of voters attending at an election
for that purpose, had undoubted authority, under the
charter of the city, to borrow money upon its credit and
to issue bonds therefor.  The bonds in suit, by their re-
cital of the titles of the ordinances under which they
were issued, in effect, assured the purchaser that they
were to be used for *municipal* purposes, with the previous
sanction, duly given, of a majority of the legal voters of
the city.  If he would have been bound, under some cir-
cumstances, to take notice, at his peril, of the provisions
of the ordinances, he was relieved from any responsibil-
ity or duty in that regard by reason of the representation,
upon the face of the bonds, that the ordinances under
which they were issued were ordinances providing for
a loan for municipal purposes.  Such a representation
by the constituted authorities of the city, under its cor-
porate seal, would naturally avert suspicion of bad faith
upon their part, and induce the purchaser to omit an ex-
amination of the ordinances themselves.  It was, sub-
stantially, a declaration by the city, with the consent of
a majority of its legal voters, that purchasers need not
examine the ordinances, since their title indicated a loan
for municipal purposes.  The city is therefore estopped, by

its own representations, to say, as against a *bona fide* holder of the bonds, that they were not issued or used for municipal or corporate purposes. It can not now be heard, as against him, to dispute their validity. Had the bonds, upon their face, made no reference whatever to the charter of the city, or recited only those provisions which empowered the council to borrow money upon the credit of the city and to issue bonds therefor, the liability of the city to him could not be questioned. Much less can it be questioned, in view of the additional recital in the bonds, that they were issued in pursuance of an ordinance providing for a loan for municipal purposes; that is, for purposes authorized by its charter.—*Supervisors v. Schenck*, 5 Wall. 772. It would be the grossest injustice, and in conflict with all the past utterances of this court, to permit the city, having power under some circumstances to issue negotiable securities, to escape liability upon the ground of the falsity of its own representations, made through official agents and under its corporate seal, as to the purposes with which these bonds were issued. Whether such representations were made inadvertently, or with the intention by the use of inaccurate titles of ordinances, to avert inquiry as to the real object in issuing the bonds, and thereby facilitate their negotiation in the money markets of the country, in either case, the city, both upon principle and authority, is cut off from any such defense. What this court declared, through Mr. Justice CAMPBELL, in *Zabriskie v. Cleveland, Columbus & Cincinnati Railroad Co. et al.* (23 How. 381), as to a private corporation, and repeated, through Mr. Justice CLIFFORD, in *Bissell et al. v. City of Jeffersonville* (24 Ib. 287), as to a municipal corporation, may be reiterated as peculiarly applicable to this case: 'A corporation, quite as much as an individual, is held to a careful adherence to truth in their dealings with mankind; and can not, by their representations or silence, involve others in onerous engagements, and then defeat the calculations and claims their own conduct had superinduced.'"

This rule was reaffirmed in the case of *City of Ottawa v. National Bank*, 105 U. S. 342, and the same principle fully recognized in the case of *County of Sherman v. Simons*, 109 U. S. 735; 1 Dillon on Mun. Cor., § 549; *Mayor of Wetumpka v. Wetumpka Wharf Co.*, 63 Ala. 611; *Gilman, Sons & Co. v. N. O. & Selma R. R. Co.*, 72 Ala. 566.

[Echols et al. v. Orr, Scroggins & Humes.]

The plea of the defendant setting up facts which presented a defense in the hands of one not an innocent purchaser, cast the *onus* on the plaintiff to satisfy the jury that he paid value received, in due course of trade. The record shows that plaintiff discharged this burden.

There are several assignments of error which under our view of the law as declared above, require no consideration.

The plaintiff was entitled to recover, and the court did not err in so instructing the jury.·

Affirmed.         ·