## WATSON v. CITY OF HURON.

(Circuit Court of Appeals, Eighth Circuit. October 16, 1899.)

No. 1,085.

1. MUNICIPAL CORPORATIONS—POWER TO ISSUE NEGOTIABLE INSTRUMENTS.

Municipal corporations possess no power to incur debts, and issue negotiable instruments therefor, unless specially authorized to do so by their charters or by statute, or the power to do so can be clearly implied from some power expressly given, which cannot be fairly exercised without it.

2. SAME—WARRANTS—EXTENT OF NEGOTIABILITY.

Warrants on a city treasurer, directing him to pay to the payee named, or order, a sum of money out of funds in the treasury, while so far negotiable that when indorsed they are transferable by delivery, and the holder may maintain an action thereon in his own name, are not negotiable instruments in the sense of the law merchant, so that, when held by a bona fide purchaser, evidence of their invalidity, or defenses available against the original payee, though in contradiction of their recitals, will be excluded.

3. SAME—WARRANTS ISSUED FOR ILLEGAL PURPOSE.

Warrants, negotiable in form, issued by the officers of a city for the purpose of raising funds to be used in securing the location of the capital of the state at such city, for which purpose the city had no authority to create an indebtedness, and negotiated by a committee to one having knowledge of the facts, the proceeds being used by such committee for the purpose intended, are void in the hands of any holder, although they contain recitals that they were issued for a legitimate and authorized purpose.

4. SAME—RIGHTS OF HOLDERS OF VOID WARRANTS.

A purchaser of void city warrants cannot recover from the city the amount paid therefor, as for money had and received, unless it is proved that the city rightfully received the money, and actually used it for legitimate purposes.

In Error to the Circuit Court of the United States for the District of South Dakota.

Bert A. Watson, the plaintiff in error, brought this action against the city of Huron, the defendant in error, to recover $40,000, on 40 warrants issued by the city, for $1,000 each. The form of each of the warrants is as follows:

"No. 3,784.                                        Huron, South Dakota, Aug. 16, 1890.

"The treasurer of the city of Huron will pay to the order of N. D. Walling one thousand dollars ($1,000.00), out of the general fund of the city treasury not otherwise appropriated, from the taxes of 1890 levied therefor, with interest at the rate of seven per cent. per annum, payable semiannually. Account of public improvements.                                        H. J. Rice, Mayor.

"Attest:  B. M. Rowley, Clerk.  [Seal.]"

On the day of their issuance the payee indorsed them, and presented them to the city treasurer for payment, who placed this indorsement upon them: "Presented. No funds. Aug. 16, 1890. J. C. Klemme, City Treas." The warrants were issued to the payee therein without consideration, and for the mere convenience of the defendant, and to enable it to negotiate the same. On or about August 20, 1890, the defendant sold the warrants to the firm of Farson, Leach & Co., of Chicago, Ill., for the sum of $1,000 each, and they subsequently assigned them to other parties, and the plaintiff in error is now the legal holder of them. Among other defenses, the city set up this one: That the warrants were issued for the purpose of raising funds to enable a committee of citizens of the city to carry on a campaign for the purpose of having the capital of the state of South Dakota located in the city of Huron by popular vote of the electors of the state, and that the city never received any consideration for the warrants, and that it possessed no authority to issue any war-

rants or incur any other indebtedness for such a purpose. There was a trial by the court, a jury having been waived by the parties, and the court made the following special findings as to this part of the defense: "Fifth. That the warrants were issued to the payee without any claim being presented to, and audited and allowed by, the city council. Sixth. That during the year 1890 the city of Huron was a candidate for state capital of South Dakota, to be voted for in November, 1890; and the said warrants were issued to obtain money with which to carry on the Huron capital campaign, and the city council of the city of Huron issued said warrants, by the request of the Huron capital committee, for that purpose. And the Huron capital committee negotiated said warrants, and received and paid out the money obtained by the sale thereof for capital purposes. Seventh. That the said warrants were sold to Farson, Leach & Co., of Chicago, for ninety-four (94) cents on the dollar, and two years' interest in advance being retained by them, making the payment therefor the sum of thirty-two thousand dollars ($32,000); that no part of the said warrants had been paid by the city of Huron; that at the time Farson, Leach & Co. purchased said warrants said firm knew the purpose for which they were issued, and that they were issued without consideration." "Tenth. That the charter of the city of Huron, among other provisions, contains the following: 'Sec. 7. The city council shall have power  *  *  *  Part 28. To audit and allow all just claims against the city and direct the payment of such as are allowed. Part 29. To appropriate money and provide for the payment and expenses and indebtedness of the corporation.  *  *  *  Part 31. To levy and collect taxes, not exceeding five mills on the dollar, for the purpose of providing a sinking fund with which to pay any future bonded indebtedness of the corporation, and not exceeding ten mills on the dollar for all municipal purposes, in any one year, on all the property, real and personal within the city limits, taxable according to the laws of the territory, and to levy and collect special assessments for sidewalks and street improvements, as hereinafter provided. And the city council are prohibited from incurring a greater indebtedness than three thousand dollars in any one year over and above the amount of taxes levied for that year unless directed so to do by the vote of the people at an election duly called and held for that purpose.' " "Sixteenth. That, at or before the plaintiff's warrants were issued, no election was called to authorize the city council to issue the said warrants, or to create an indebtedness to be represented by them; and, prior to the date on which the plaintiff's warrants were issued, the city council of the city of Huron had issued, during the fiscal year in which the plaintiff's warrants were issued, the sum of $80,000, which sum was in excess of $3,000 more than the taxes levied for that fiscal year, together with all moneys received from other sources." On these findings the circuit court rendered judgment for the defendant.

John C. Power and Edward H. Aplin, for plaintiff in error.
John Wood, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge (after stating the facts as above). Municipal corporations possess no power to incur debts, and issue negotiable instruments therefor, unless specially authorized to do so by their charter or statutes, or the power to do so can be clearly implied from some power expressly given, which cannot be fairly exercised without it. Dill. Mun. Corp. § 406; Wells v. Supervisors, 102 U. S. 625; Claiborne Co. v. Brooks, 111 U. S. 400, 4 Sup. Ct. 489; Concord v. Robinson, 121 U. S. 165, 7 Sup. Ct. 937. The warrants in this case were issued "for the purpose of obtaining money with which to carry on the Huron capital campaign." It is not claimed in behalf of the plaintiff in error that any such power was granted to the city, either expressly or by implication; but it is urged that the warrants reciting on their face, as they did, that they were issued for public

improvements, and the resolution authorizing their issuance stating that they were intended for public improvements, the city is estopped from showing the truth, and that this resolution was a mere subterfuge, and false in fact. To sustain this contention we are referred to a large number of decisions in which it has been held that when a municipal corporation is authorized by law to issue negotiable bonds, and certain of its officers are constituted as the authority to determine whether the conditions precedent have been complied with, their certificate that all conditions prescribed by law have been carried out is conclusive, and the municipality is thereafter estopped from showing the falsity of its certificate after the bonds have been issued, and sold to innocent purchasers. But the certificates of indebtedness issued in this case are not negotiable bonds, but mere warrants or orders of the city treasurer, directing him to pay to the holder thereof the sum of money out of funds in the treasury. Such instruments are not subject to the rules of the law merchant, or in any manner to be treated like negotiable bonds. Whatever differences of opinion may have existed among the courts 50 years ago as to the negotiability of such warrants, the courts are now unanimous that while such warrants establish, prima facie, the validity of the claims allowed, and authorize their payment, they have no other effect; that they are in form negotiable, and transferable by delivery, so far as to authorize the holder to maintain in his own name an action on them, but they are not negotiable instruments, in the sense of the law merchant, so that, when held by a bona fide purchaser, evidence of their invalidity or defenses available against the original payee would be excluded. Shirk v. Pulaski Co., 4 Dill. 209, Fed. Cas. No. 12,794; Mayor, etc., v. Ray, 19 Wall. 468; Wall v. Monroe Co., 103 U. S. 74; Ouachita Co. v. Wolcott, 103 U. S. 559. The rule established by these decisions is now universally recognized, and it has ceased to be an open question. The purpose for which these warrants were issued was to influence the people of the state to vote for the city of Huron as the capital of the state, or, in other words, as a corruption fund for the purpose of locating the capital in the city of Huron. It is not claimed that there was any authority from the legislature to borrow money or issue certificates of indebtedness for any such purpose. The fact that the resolution ordering these warrants to be issued falsely and fraudulently recited that they were intended for public improvements cannot aid the plaintiff in error, because he occupies no better position than the original payee, who had full notice of the object for which the warrants were issued.

But it is urged that, even if the warrants are void and were fraudulent, the plaintiff in error is entitled to recover the amount paid for these warrants, as for money had and received by the city. Whether there could be such a recovery if the money had been paid into the city treasury, and by the city used for legitimate purposes, it is unnecessary to determine in this case, as the trial judge, in his sixth finding of fact, specially found, "And the Huron capital commissioners negotiated said warrants, and received and paid out said money obtained by the sale thereof for capital purposes." This finding brings the case directly within the ruling of the supreme court of the

state in the case of Huron Waterworks Co. v. City of Huron, 7 S. D. 9, 62 N. W. 981, 30 L. R. A. 848, which holds, in substance, that the city is not liable for money received by its treasurer unless he had a right to receive it, and it was used for legitimate corporate purposes.

Upon the facts found by the circuit court, these warrants are absolutely void in the hands of all persons, and the judgment of the circuit court is affirmed.