JEFF DAVIS COUNTY ET AL. V. CITY NATIONAL BANK OF PADUCAH.

Decided November 22, 1899.

**1. Parties—Action Against Counties—Joinder—Jurisdiction.**

Where plaintiff sued a parent county in the District Court for interest due on its county bonds, for which two other counties, formed out of it, would be liable over to it for a pro rata part, such other counties were properly made parties defendant, and the court had jurisdiction over them to settle the entire controversy in one action. Rev. Stats., art 764.

**2. Counties—County Bonds—Illegal Removal of County Seat Not Vitiating.**

A county can not deny the liability on its courthouse bonds in the hands of bona fide holders on the ground of illegality in the election by which the county site was established, where it has maintained all its courts and county offices at such county site (where the courthouse was built), ever since such election (in 1886); and under the constitutional and statutory provisions making new counties formed out of an older one liable for a pro rata share of its then existing indebtedness, the parent county may recover over against them their proportionate share of indebtedness due on such bonds. Const., art. 9, sec. 2; Rev. Stats., art. 764.

APPEAL from Presidio. Tried below before Hon. A. M. WALTHALL.

*Turney & Burgess* and *Denman, Franklin, Cobbs & McGown,* for appellants.

*Millard Patterson, C. N. Buckler,* and *D. W. Williams,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the City National Bank of Paducah against Presidio County alone to recover $11,-760 on coupons of certain courthouse and jail bonds issued by said county.

Presidio County answered, making Jeff Davis and Brewster counties parties, averring that the territory of which they are composed was a part of Presidio County when the bonds were issued, and asked, in event of judgment against it, that it recover over against each of said counties its pro rata share of the indebtedness.

Jeff Davis and Brewster counties answered, (1) by a plea of privilege to be sued in their respective courts; (2) plea of misjoinder of causes of action and parties defendant; (3) special exceptions and general denial, and (4) specially, that the bonds sued upon were invalid both as to Presidio County and themselves, and that Presidio County, owing to the illegality of said bonds, had no right to recover over against them.

Presidio County adopted so much of the answer of the other counties as was not inconsistent with the averments of its answer setting up a cause of action against them.

The cause was tried by the court without a jury, and the pleas of privilege, of misjoinder of actions, and special exceptions of Jeff Davis and Brewster counties decided against them; and judgment rendered in favor of appellee against Presidio County, alone, for the entire demand; and in favor of Presidio County against each of the other counties for its proportionate share of the indebtedness. From the judgment against Presidio County, it appealed, but failed to file an assignment of errors or file brief. The counties of Jeff Davis and Brewster appealed from the judgment in favor of Presidio against them.

There is no statement of facts in the record, but the trial judge filed his conclusions of facts, which we necessarily adopt as our findings. Only so much of these conclusions, however, as we deem necessary to a proper solution of the questions raised on this appeal will be here stated.

On June 1, 1875, the town of Fort Davis, then in Presidio County, was, by an election, duly constituted its county site. From that time until July, 1885, the county officers of Presidio held their respective offices at Fort Davis, in which town the courthouse and jail of the county were both situated, and district, county, and commissioners courts held there.

On the 15th day of July, 1885, under an order of the county judge of Presidio, an election was had in that county to determine whether or not its county site should be moved from Fort Davis to the town of Marfa. Upon the canvass of the election returns, the county judge found that

391 votes were cast in favor of the removal, and 320 votes in favor of the county site remaining at Fort Davis.    Whereupon he caused to be entered in the minutes of the Commissioners Court an order as follows: "It appearing that no election has ever been held in Presidio County for the election of a county site in pursuance of law, it is therefore declared that the county site of Presidio County is, by the vote of the people, established and located in the town of Marfa."    At the time of the election and the entry of said order there was at Fort Davis a courthouse and jail, which had been used up to that time by Presidio County, since 1882. Immediately after the date of this order all the county officers of Presidio except L. B. Carothers, its treasurer, moved their respective offices from Fort Davis to Marfa, and since then all the courts of the county have been held there.    But at the time of the election the town of Marfa was not within a radius of five miles from the geographical center of the county, but more than twelve miles therefrom.

Brewster County was created wholly from the territory of Presidio on February 2, 1887, and Jeff Davis, Buchel, and Foley counties on the 15th day of March of that year.    By an act of the Twenty-fifth Legislature the territory of the two last named counties was incorporated into Brewster, to which county they had from the date of their creation up to that time been attached for judicial purposes, neither ever having been organized.

The bonds from which the coupons sued upon were taken were issued by virtue of an order of the County Commissioners Court (which order and act of the Legislature under which they were issued are recited in the bonds) on February 9, 1886, for the purpose of building a courthouse and jail, which were constructed during that year, and accepted and used by the county ever since for the purposes for which they were built.    Prior to the issuance of the bonds various terms of the Commissioners Court of Presidio County were held at Marfa, at which the usual business of commissioners courts was transacted, and ever since July, 1885, taxes have been levied at Marfa as the county site of Presidio County for State and county purposes regularly, and all deeds and mortgages recorded there.    After the bonds were issued and delivered in payment to the contractors for the courthouse and jail, a special tax was levied for their payment by the Commissioners Court of Presidio County from the years 1886 to 1895, inclusive, and all coupons due upon the bonds were paid up to and including May 10, 1887.

The appellee is the owner and holder of the bonds and coupons sued upon, having paid value for the same in the regular course of business, without notice of any defects in them, unless the records of Presidio County charge it with notice of the invalidity or the irregularity of their issuance.

The total value of property assessed on the rolls of Presidio County for the year 1887 is $2,382,250; on the rolls of Jeff Davis County, $1,544,530; on the rolls of Brewster County, $1,688,049; on the rolls of Buchel County, $1,257,226, and of Foley County, $781,459.

*Conclusions of Law.*—1.   The trial court did not err in holding that it had jurisdiction over Jeff Davis and Brewster counties to determine the claim of Presidio County against each for its respective pro rata share of the debt sued upon.   Rev. Stats., art. 764; Gen. Laws 23d Leg., p. 124; Presidio County v. Jeff Davis County, 13 Texas Civ. App., 115; Brewster County v. Presidio County, 19 Texas Civ. App., 638.   Nor did it err in holding that there was no misjoinder of parties defendant. Presidio County having been sued on a demand for which, if it was liable, it claimed the counties of Jeff Davis and Brewster were liable over to it, had the right to make them parties defendant and settle the entire controversy in this suit.   Fleming v. Seeligson, 57 Texas, 532.

2.   The Constitution (article 9, section 2) provides: "When any part of a county is stricken off and attached to or created into another county, the part stricken off shall be holden for and obliged to pay its proportion of all the liabilities then existing, of the county from which it was taken, in such manner as may be prescribed by law."   Article 764, Revised Statutes, provides: "Any county which has heretofore been created or may be created by the Legislature of the State of Texas out of any other county or counties shall be held liable for and bound to pay its proportion of all the liabilities of the county or counties from which it was taken, existing at the date of the creation of such new county, according to the proportional value of the property in the excised territory and the value of the property remaining in the old county."

Though change of the county site of Presidio County from Fort Davis to Marfa, because the latter place was not within a radius of five miles from the geographical center of the county, may have been illegal, yet the bonds, with the recital therein of the fact that they were issued by virtue of the provisions of the Act of the Legislature therein designated, and of the order of the County Commissioners Court of February 9, 1886, together with the fact that from the date of said election up to the time that the territory composing Jeff Davis and Brewster counties was excised from the parent county, Marfa was actually used as the county site of that county,—all of its courts held and public business transacted there, the courthouse built and paid for by the proceeds of the bonds, and taxes levied to meet the indebtedness thereby created before the excision,—created such a debt in favor of a bona fide holder against Presidio County as rendered it and the counties afterwards created from its territory liable under the provisions of the Constitution and the statute quoted.   Presidio County v. City National Bank of Paducah, 20 Texas Civ. App., 511; Commrs. of Harper County v. Rose, 140 U. S., 75; Comanche County v. Lewis, 133 U. S., 201; Ashley v. Board of Supervisors, 60 Fed. Rep., 62; Hackett v. Ottawa, 99 U. S., 86; Ottawa v. Bank, 105 U. S., 342; Barnett v. City of Denison, 145 U. S., 141; Scipio v. Wright, 101 U. S., 665.

The judgment of the District Court is affirmed.

*Affirmed.*