# Packard *v.* City of Mobile.

*Bill to Impress Property with Lien, and Sell to Satisfy It.*

(Decided May 9, 1907. 43 So. Rep. 963.)

1. *Set Off; Municipal Bonds; Statutes; Interest.*—Where the act relating to the issuance of certain municipal bonds provides that the bonds with one month's interest at the current rate, shall become due and payable on the 1st day of February after their drawing by the depository bank, upon their presentation with all their future coupons attached, and that after the first day of February they shall cease to bear interest and the interest coupons become void,

such provisions of the statute (Acts 1880-81, p. 337) becomes a part of the bond, and the bondholder who accepts payment of the interest coupons in violation of the statute, occupies the attitude of the recipient of misappropriated funds, and cannot urge that the payment was voluntary, so as not to be recoverable and not the subject of set ·off in an action on the bond.

2. *Same; Equitable Rights.*—Where the bondholder illegally received and the city illegally paid the interest coupons on certain bonds, the bondholder is not so free from wrong in the premises as to be able in equity to dispute the right of the city to have the amount so paid awarded as a set off in a suit upon the bonds.

3. *Same.*—Where the statute relating to the issuance of the bonds provided for the presentation for payment at a certain time, and declared that after that time the bond would not bear interest, the failure of the holder to make the required presentation bars his right to recover interest on the bonds.

4. *Tender; Sufficiency.*—The allegation that the holder of the bond was tendered a sum certain, which he declined to receive, was sufficient, as the refusal to receive the money, if actually tendered, rendered it unnecessary to produce the sum.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill of Joseph Packard against the city of Mobile. Decree for defendant, and plaintiff excepts.    Affirmed.

This is a bill by Packard against the city of Mobile and Inge, as trustee for the holders of wharf bonds, alleging that he was a holder of a certain bond which matured on January 1, 1906, and which remains unpaid by the said city.    The prayer seeks·to fasten a vendor's lien on the wharf property of the city of Mobile, and to have the same condemned and sold to satisfy the lien. The bond is made an exhibit to the bill.    By the answer defendant admits all the allegations of the bill, except that plaintiff is the owner of the bond and that the bond matured on January 1, 1906, both of which are denied. By way of further answer the defendant set up section 9 of the act of the General Assembly approved December 8, 1880 (Laws 1880-81, p. 337), and that under said section, on the 14th day of January, 1901, the First National Bank of Mobile drew the bond sued upon, with other bonds, and caused the same to become due and payable

on the 1st day of February, 1901. The bonds so drawn were promptly advertised in a newspaper published in New York and in Mobile,, calling for a presentation for payment, with one month's interest, of the bonds so held by complainant, and thereafter the bond was not presented for payment, but from time to time coupons were severed from said bond and presented for payment to the First National Bank, and were paid, and that such payments were reported to this court and allowed out of the trust funds provided by said act of the Legislature, and no notice of assignment has ever been given since the same became due and payable according to the terms of the act. It is alleged that the amount of interest improperly paid was $125, and upon presentation for payment of the bond on the 1st day of January, 1906, respondents offered to pay the complainant the face of the bonds, with one month's interest, less the $125 already paid on the same, and tendered to the holder of the bond $377.08, which the plaintiff refused to accept. It is alleged that this amount was put into court. This was also set up by way of plea. The exceptions need not be stated. The other facts sufficiently appear in the opinion.

FRANCIS J. INGE, for appellant.—The money paid as interest cannot be recovered and consequently cannot be made the subject of set off. The payment thereof was voluntary.—*Town of Cahaba v. Burnett*, 34 Ala. 400; 22 A. & E. Ency. Law, (2 ed.) p. 609; Ib. Sec. b., page 624 and authorities cited in notes 3 and 7; *Knox v. Abercrombie*, 11 Ala. 997; *Rutherford v. McIvor*, 21 Ala. 705; 52 Minn. 67.

GREGORY L. & H. T. SMITH, for appellee.—Counsel discuss the points raised, but cite no authority.

MCCLELLAN, C. J.—The overruling of complainant's exceptions to the answer and plea of the respond-

11 R

ents are the errors assigned. The assignments rested upon the court's action on exceptions to the answer cannot be considered.—*Cleveland v. Insurance Co.,* 151 Ala. 44 South. 37.

The bond, the collection of which is sought by the bill, is of an issue authorized, as announced on its face, by act of the General Assembly approved December 8, 1880. Acts 1880-81, p. 329. The amendment thereof at that session does not appear to have altered section 9 of the act, the section important for this occasion. The section is set forth in paragraph 2 of the answer, and is also adopted as a part of the plea in bar to a recovery above the sum stated in the incorporated plea. After providing the method for drawing the bonds to be satisfied out of the surplus accumulated as stated, section 9 declares: "* * * And said drawn bonds, with one month's interest thereon, at the then current rate of interest on such bonds, shall become due and payable on the first day of February next following after such drawing, and said bonds with said interest for one month shall be paid in full by said bank of depository upon their presentation, with all their future coupons attached, and upon delivery of the same at the place designated in such advertisement. After said first day of February said drawn bonds shall cease to bear interest, and the coupons thereon shall become void." The bond in question was so drawn in January, 1901, but was not, with the "future coupons attached," presented for payment. The "future coupons" were detached, and periodically presented and paid. It is the aggregate sum of such payments that the city and trustee, by their answer and plea, seek to have deducted from the amount recoverable on this bond, as well as exoneration from payment of interest since February 1, 1901. The exceptions go to the point that the payments were voluntary, with knowledge of the fact,

and, under the general rule, are not recoverable nor the subject of set-off.

The purchaser of municipal bonds takes them, univer sally, subject to the conditions and limitations set down in the enabling act.—Simonton on Municipal Bonds, § 150; *Town of Brewton v. Spira,* 106 Ala. 229, 17 South. 606; *Mayor, etc. of Wetumpka v. Wharf Co.,* 63 Ala. 611. Of course, these conditions and limitations are not those the non-observance of which are but irregularities in the issuance of the bonds. The purchaser of this bond took the same subject to the statute-imposed right to mature it on the February 1st succeeding its drawal, and subject to the provision that the "future coupons" representing interest thereon, should be absolutely void—that that bond should not bear interest after the time stipulated. These provisions are a part of the bond, and, as such, limit the liability of the city as well as forbade a con-trary right in the bondholder. Any other construction would, in effect, annul the statute—the law—in that respect; and such a result cannot be sanctioned. So this alleged bondholder, in the reception of the payments induced by the presentation of the condemned "future coupons," occupies the attitude of one who has been the recipient of misappropriated funds, in plain violation of the law in the premises. Can he, then, urge that such payments were so voluntary as not to be recoverable? We are clearly of opinion that he cannot. To so conclude would, by direct announcement, approve the violation of a statutory provision, to say nothing of the equity involved, to which we will later advert. It would commit the instruments of the law itself—the courts—to an indorsement of acts plainly inhibited by a statute. This would be, and is, against public policy. Hence we hold that such payments were not voluntary, regardless of whether the agents in the transaction knew the facts or that the payments made were illegal.

The complainant, as a pure matter of equity, cannot be heard to dispute the right of the respondents to have the benefit of the set-off sought in diminution of the amount to be recovered. The payments were, as above stated, illegally made and illegally received by the holder. He must be, and is, held to the same legal consciousness of illegality as the city's agents. Hence he is without the pale of those who may, on occasion, assert their innocence of wrong in the premises; and, under these conditions, to sustain his contention against the reduction of his recovery on the bond would deny proper application to the two maxims of equity. He who seeks equity must do equity, and he who invokes equity must be of clean hands. If he were justified in a denial of the set-off, he would be the beneficiary of funds for which no consideration had been furnished, and, therefore, in all good conscience, to which he is not entitled.

The appellant urges the loss of interest from Janaury 1, 1906, if the set-off is upheld. The section quoted above requires the presentation for payment of the drawn and advertised bonds. His negligence, his want of diligence, in respect of the presentation requisite, is a sufficient answer to this complaint. But a greater reason in denial of this contention is found in the act itself, which declares that after the February 1st succeeding the drawal of the bonds they shall not bear interest.

The averment relative to tender is sufficient. The refusal to accept the money, if actually tendered, rendered unnecessary the production of the sum offered to be paid The general rule has been announced in these adjudications: *Insurance Co. v. Lesser,* 126 Ala. 568, 28 South. 646; *Root v. Johnson,* 99 Ala. 90, 10 South. 293.

The decree is without error, and is therefore affirmed.

Affirmed.

Tyson, S. J., and Dowdell and Anderson, JJ., concur.