HORNBLOWER et al. v. CITY OF PIERRE.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1917.)

No. 4750.

1. MUNICIPAL CORPORATIONS ☞898—WARRANTS—RECITALS—ESTOPPEL.

Recitals in city warrants drawn on its treasurer and in the motion passed by the city council authorizing their issuance that they were issued for public improvements did not estop it from proving, as against a purchaser without notice, that they were without consideration, and

were authorized, issued, and used to raise money to elect the city as the capital of the state.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1883.]

2. MUNICIPAL CORPORATIONS ⟨⟩902—WARRANTS—BONA FIDE HOLDERS.

Warrants of a municipal or quasi municipal corporation which are only orders of one of its officers upon another to pay funds to a third party are liable to defeat, even in the hands of a bona fide purchaser without notice, by proof that they were issued fraudulently for a purpose beyond the powers of the corporation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1887.]

3. MUNICIPAL CORPORATIONS ⟨⟩898—WARRANTS—VALIDITY—ESTOPPEL.

That a city for five years paid interest on warrants did not estop it from showing that they were issued fraudulently, without consideration, and for a purpose beyond its powers.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1883.]

4. APPEAL AND ERROR ⟨⟩1027—REVIEW—MATTERS UNNECESSARY TO DECISION.

Where judgment must have gone against plaintiffs on one defense, alleged errors in rulings with reference to other defenses need not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4033.]

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action by Henry Hornblower and another against the City of Pierre. Judgment for defendant (231 Fed. 496), and plaintiffs bring error. Affirmed.

A. B. Fairbank, of Sioux Falls, S. D. (Gardner & Churchill, of Huron, S. D., Boyce, Warren & Fairbank, of Sioux Falls, S. D., and Frank E. Guernsey, of Dover, Me., on the brief), for plaintiffs in error.

Karl Goldsmith, of Pierre, S. D. (Horner, Martens & Goldsmith, of Pierre, S. D., on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

SANBORN, Circuit Judge. The plaintiffs sued the city of Pierre, South Dakota, upon its warrants aggregating $15,000, which purported on their faces to have been issued for public improvements. The city answered: (1) That the warrants were not issued for public improvements, but that they were issued without any consideration received by the city to enable a committee to conduct a campaign to induce the voters in the state of South Dakota to vote to establish the capital of that state at Pierre; (2) that no annual appropriation and no provision for an annual tax to pay the principal and interest on these warrants, as required by statute, had been made by the city before the warrants were issued; and (3) that before and at the time of their issue the indebtedness of the city exceeded its constitutional and statutory limitation. The court below, before which the case was tried without

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a jury, made a special finding of the facts and rendered a judgment for the defendant.

The warrants were in this form:

$1000.00                                        Pierre, So. Dak.   July 29, 1890.

City                    Treasurer of the City of Pierre
of
Pierre      Will pay to the order of Coe I. Crawford one thousand dollars.
Incorpor-   Payable out of general fund—for public improvements.
ated                                            B. J. Templeton, Mayor.
1883

        Countersigned:  H. E. Dewey, City Auditor.
No. 3614.

At the trial the plaintiffs introduced the warrants in evidence and proved that they were indorsed by Coe I. Crawford, without recourse; that the plaintiffs purchased them of the National Bank of Commerce of Pierre on August 8, 1890, for value, without notice of their invalidity or of any defect in them; that the city paid the interest on them until some time in the year 1895, but that nothing has been paid upon them since.

[1] The city, over the objections of the plaintiffs, introduced evidence tending to prove that although the city council of the defendant, before the warrants purchased by the plaintiffs were issued, adopted a motion that $25,000 be appropriated for public improvements, and that warrants be drawn therefor payable to Coe I. Crawford, and although the warrants declared on their faces that they were issued for public improvements, yet no public improvements were made or authorized or paid for on account of the motion or the warrants, that the city never received any consideration for them, that they were voted by the city council, issued by the city officers, and used by the campaign committee to raise money to elect Pierre the capital of the state; that Crawford, the payee, never received or paid anything for them, but the city auditor took them to Crawford, who indorsed them without recourse and handed them back to the auditor, who delivered them to the National Bank of Commerce of Pierre, which sold them to the plaintiffs and delivered their proceeds to the capital campaign committee. The admission of this evidence and the denial by the court of a subsequent motion to strike it out as incompetent because it contradicted the recital of the motion passed by the city council and the recital of the warrants that they were issued for public improvements and because it violated the alleged estoppel of the city from denying that they were issued for that purpose, arising from those recitals, and the plaintiffs' purchase of and payment for the warrants in reliance upon them are specified as error.

The argument of counsel for the plaintiffs is that the city had the right and power to issue the warrants for public improvements; that the members of the city council and all the city officers knowingly issued them for a purpose beyond the powers of the city; that is to say, to raise money for the campaign committee to enable it to induce the voters of the state to elect the city of Pierre the capital of the state;

that they knew that the city had no power to issue the warrants for that purpose; that to deceive intending purchasers and to induce them to buy the warrants they recited, in the motion passed by the city council and in the warrants themselves, that they were issued for public improvements; that the plaintiffs were induced to buy and to pay value for them in the belief that those recitals were true and in reliance upon them, and that the city ought to be and is estopped from denying the truth of these representations. This argument appeals with force to the conscience and the judgment on the ground that a city or a municipal corporation that elects and permits officers that would be guilty of such acts to act for it ought to suffer for their acts rather than the innocent purchasers of its warrants, and if the purpose had been within the powers of the city, and if the officers had been lawfully empowered to make such representations, as they might have been in the case of the issue of its bonds, the argument might be conclusive. Hughes County v. Livingston, 104 Fed. 306, 313, 316, 43 C. C. A. 541, 548, 551.

[2] But under the established law of the land the warrants of a municipal or quasi municipal corporation which are in fact only the orders of one of its officers upon another of its officers to pay some of its funds to a third party carry upon their faces the plain warning that the purchaser must beware, that while they are prima facie evidence of their validity, they are always liable to be defeated, even in the hands of a bona fide purchaser without notice, by proof that they were issued fraudulently for a purpose beyond the powers of the corporation, and that when they were in fact issued and used for such a purpose no recital or certificate of its officers that they were issued honestly for a purpose within the powers of the corporation can estop it from defeating them by proof of the truth. Mayor v. Ray, 86 U. S. (19 Wall.) 468, 477, 478, 22 L. Ed. 164; Wall v. County of Monroe, 103 U. S. 74, 78, 26 L. Ed. 430; Claiborne County v. Brooks, 111 U. S. 400, 408, 409, 4 Sup. Ct. 489, 28 L. Ed. 470; Ottawa v. National Bank, 105 U. S. 342, 345, 26 L. Ed. 1127; District of Columbia v. Cornell, 130 U. S. 655, 661, 9 Sup. Ct. 694, 32 L. Ed. 1041; Watson v. City of Huron, 97 Fed. 449, 38 C. C. A. 264; 1 Abbott on Municipal Corporations, 533; McQuillin on Municipal Corporations, p. 4759.

This has been the law of municipal and quasi municipal warrants at least ever since Mr. Justice Bradley, delivering the opinion of the Supreme Court in Mayor v. Ray, 19 Wall. (86 U. S.) 477, 478 (22 L. Ed. 1127) in the year 1873, said:

"Vouchers for money due, certificates of indebtedness for services rendered or for property furnished for the uses of the city, orders or drafts drawn by one city officer upon another, or any other device of the kind, used for liquidating the amounts legitimately due to public creditors, are, of course, necessary instruments for carrying on the machinery of municipal administration, and for anticipating the collection of taxes. But to invest such documents with the character and incidents of commercial paper, so as to render them in the hands of bona fide holders absolute obligations to pay, however irregularly or fraudulently issued, is an abuse of their true character and purpose. * * *

"Where the power is clearly given, and securities have been issued in conformity therewith, they will stand on the same basis and be entitled to the same privileges as public securities and commercial paper generally.

"But where the power has not been given, parties must take municipal orders, drafts, certificates, and other documents of the sort at their peril. Custom and usage may have so far assimilated them to regular commercial paper as to make them negotiable; that is, transferable by delivery or indorsement. This quality renders them more convenient for the purposes of the holder, and has, undoubtedly, led to the idea so frequently, but, as we think, erroneously, entertained, that they are invested with that other characteristic of commercial paper, freedom from all legal and equitable defenses in the hands of a bona fide holder. But every holder of a city order or certificate knows, that to be valid and genuine at all, it must have been issued as a voucher for city indebtedness. It could not be lawfully issued for any other purpose. He must take it, therefore, subject to the risk that it has been lawfully and properly issued. His claim to be a bona fide holder will always be subject to this qualification. The face of the paper itself is notice to him that its validity depends upon the regularity of its issue. The officers of the city have no authority to issue it for any illegal or improper purpose, and their acts cannot create an estoppel against the city itself, its taxpayers, or people. Persons receiving it from them know whether it is issued, and whether they receive it, for a proper purpose and a proper consideration. Of course they are affected by the absence of these essential ingredients; and all subsequent holders take cum onere, and are affected by the same defect.

"We consider these principles to be so sound and fundamental as to make it a matter of some surprise that a different view should have been taken by some jurists of eminent ability."

[3, 4] The plaintiffs took their warrants with notice of the law, and the city was not estopped from defeating them by proof of the fact that they were issued fraudulently and without any consideration received by it, for a purpose beyond its power, either by the recitals in the motion adopted by the city council, or by the recital in the warrants, or by the fact that the city paid the interest on the warrants for five years, or by any other fact established in the case. There was therefore no error in the reception of the evidence of the fraudulent issue of the warrants without consideration for a purpose beyond the powers of the corporation, and that evidence established a conclusive defense to this action. This conclusion renders it unnecessary to consider other alleged errors, because even if they were committed they were not prejudicial to the plaintiffs because the judgment must have been against them on the defense which has been considered whatever the rulings might have been in reference to the other defenses.

The judgment below is accordingly affirmed.